UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

JOHN DOES 1-2, JANE DOES 1-3, JACK
DOES 1-750, JOAN DOES 1-750,
                                             **MEMORANDUM & ORDER**
                    Plaintiffs,          21-CV-5067(AMD)(TAM)

          -against-

KATHY HOCHUL, in her official
capacity as Governor of the State of
New York, et al.,

                    Defendants.

-------------------------------------x
ERIC KOMITEE, United States District Judge:

On September 13, 2021, I held oral argument on the Plaintiffs' motion for a temporary restraining order and preliminary injunction. As I informed the parties then, the argument was in connection with the Court's evaluation of the motion for a TRO. Plaintiffs' application for a preliminary injunction motion will proceed before the Hon. Anne M. Donnelly, the judge assigned to this case, on a schedule to be determined.[1]

This morning, while Plaintiffs' motion remained pending, United States District Judge David N. Hurd of the Northern District of New York granted a TRO awarding the same

---

[1] Because Judge Donnelly was unavailable to hear the case on an expedited basis, I heard oral argument (as the assigned Miscellaneous Judge), and issued this order shortly thereafter. The case will revert to Judge Donnelly for all purposes going forward.

1

relief that Plaintiffs seek here — namely, a TRO enjoining the State of New York from enforcing the New York State Department of Health's August 26, 2021 regulation entitled "Prevention of COVID-19 transmission by covered entities," N.Y. Comp. Codes R. & Regs., tit. 10, § 2.61.  *See Dr. A. v. Hochul*, No. 1:21-CV-1009-DNH-ML (N.D.N.Y. Sept. 14, 2021), ECF No. 7.  Judge Hurd's TRO applies throughout New York State.  The order indicates that Judge Hurd will hear argument on September 28, 2021 on whether the TRO in that case should be converted into a preliminary injunction.  *Id.* ¶ 10.

In light of this development, Plaintiffs' instant motion for a TRO — the only part of their motion that is before me — is now moot.  *See, e.g.*, *People v. Seneci*, 817 F.2d 1015, 1017 (2d Cir. 1987) (affirming dismissal of request for injunction where a state court had already granted plaintiffs "all of the injunctive relief requested in the present case"); *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) ("[A]ny application for injunctive relief is now moot, in view of [a related state-court injunction]."); *see also Eggers v. City of Key West*, No. 05-10093-CIV, 2008 WL 5070261, at *7 (S.D. Fla. Nov. 25, 2008) (request for injunction moot because challenged acts were already enjoined); *Kramer v. NCS Pearson, Inc.*, No. CIV 03-1166, 2003 WL 21640494, at *3 (D. Minn. July 9,

2003) (denying motion for TRO as moot where judge in another district already granted the same relief).[2]

Accordingly, Plaintiffs' motion for a TRO is denied. Plaintiffs may apply to Judge Donnelly for a preliminary injunction. If Plaintiffs wish to proceed anonymously with this action, they must file (under seal) a motion that states the reasons why the Court should permit them to do so. This motion must be captioned a "Motion

---

[2] This case differs from *Dr. A.* in that the private defendants (Plaintiffs' employers) are named here, whereas no hospital employer appears in the caption of that case. But this difference does not affect the justiciability issue. At the outset, it is not obvious that Plaintiffs are even seeking relief against the private defendants in the instant motion. (Plaintiffs' motion for the TRO discusses Title VII only in discussing the "Supremacy Clause" claim (which is against the state defendants), and Plaintiffs filed no proposed order indicating precisely what relief they seek against the private defendants.) Even if Plaintiffs were seeking to enjoin the private defendants, those requests would be moot now as well. The factual predicate for Plaintiffs' claims against the private defendants is the fear that the hospitals would deny religious exemptions and terminate Plaintiffs because of the compulsion arising from the New York State rule. *See, e.g.*, Verified Complaint ¶¶ 169-70, ECF No. 1 (alleging that the private defendants violated Title VII by refusing to grant an "accommodation or exemption to the Governor's COVID-19 Vaccine Mandate" and by "threatening to fire Plaintiffs unless they . . . comply with the Governor's COVID-19 Vaccine Mandate"). But the state rule is not currently enforceable, given the Northern District order. In any event, Plaintiffs have not established a likelihood that the private defendants will cause irreparable harm absent injunctive relief. *See, e.g.*, *Sampson v. Murray*, 415 U.S. 61, 90-92 (1974) (loss of earnings does not constitute "irreparable harm" in the employment context).

3

to Proceed Anonymously" and should be submitted by October 1, 2021; Defendants' opposition, if any, shall be due by October 20, 2021; and Plaintiffs' reply, if any, shall be due by November 1, 2021.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    September 14, 2021
              Brooklyn, New York