**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN DOES 1-2, JANE DOES 1–3, <br> JACK DOES 1–750, JOAN DOES 1–750, <br><br>              Plaintiffs, <br> v. <br><br> KATHY HOCHUL, in her official capacity as <br> Governor of the State of New York, <br> HOWARD A. ZUCKER, in his official capacity <br> as Commissioner of the New York State <br> Department of Health, TRINITY HEALTH, <br> INC., NEW YORK-PRESBYTERIAN <br> HEALTHCARE SYSTEM, INC., <br> WESTCHESTER MEDICAL CENTER <br> ADVANCED PHYSICIAN SERVICES, P.C., <br><br>              Defendants. | )<br>)<br>)<br>)<br>) Case No. 1:21-CV-05067-AMD-TAM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SET EXPEDITED BRIEFING**
**SCHEDULE AND HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to L.R. 7.1, Plaintiffs John Does 1-2, Jane Does 1-3, Jack Does 1-750, and Joan Does 1-750 ("Plaintiffs"), by and through counsel, hereby move the Court to set an expedited briefing schedule on Plaintiffs' Motion for Preliminary Injunction (dkt. 2) and schedule a hearing on Plaintiffs' Motion for Preliminary Injunction as soon as possible after conclusion of the expedited briefing schedule. In support thereof, Plaintiffs show unto the Court as follows:

1. On September 10, 2021, Plaintiffs filed their Verified Complaint (dkt. 1) and Motion for Temporary Restraining Order **and Preliminary Injunction**. (Dkt. 2.)

2. On Monday, September 13, the Court held an emergency hearing on Plaintiffs' Motion for Temporary Restraining Order, and on September 14 Judge Komitee issued an Order (dkt. 35) denying Plaintiffs' Motion for Temporary Restraining Order as moot because of the Northern District of New York's temporary restraining order (TRO) enjoining and restraining

1

Government Defendants from enforcing the vaccine mandate. *See Dr. A. v. Hochul*, No. 1:21-cv-1009-DNH-ML, 2021 WL 4189533 (N.D.N.Y. Sept. 14, 2021).

3.        Judge Komitee's Order provided that "Plaintiffs' application for a preliminary injunction motion will proceed before the Hon. Anne M. Donnelly, the judge assigned to this case, on a schedule to be determined." (Dkt. 35 at 1). The Order further provided that "Plaintiffs may apply to Judge Donnelly for a preliminary injunction." (*Id.* at 3.)

4.        As noted by Judge Komitee (*id.* at 1), Plaintiffs have **already** applied for a preliminary injunction (dkt. 2), and that application is to proceed before Judge Donnelly. Although Plaintiffs' motion for TRO was denied as moot, Plaintiffs' motion for a preliminary injunction has not been adjudicated and remains pending.

5.        While Government Defendants are currently enjoined from enforcing the unconstitutional mandate that all healthcare workers receive a COVID-19 vaccine without the possibility of a religious exemption or accommodation, Private Employer Defendants are not so enjoined, as observed in Judge Komitee's Order. (Dkt. 35 at 3 n.2.) And, because Private Employer Defendants remain free to continue their unlawful and discriminatory practices of firing employees for seeking religious accommodation and revoking previously granted religious accommodations, this Court should order expedited briefing and argument on Plaintiffs' Motion.

6.        Expedited briefing and argument are also necessary because the Government Defendants are only **temporarily** enjoined from enforcing the unconstitutional vaccine mandate. Plaintiffs in this case desire to move their constitutional and statutory claims forward with all deliberate speed, including through the preliminary injunction, summary judgment, and permanent injunction stages. In light of the irreparable First Amendment and other harms demonstrated, Plaintiffs respectfully urge the Court to move this matter forward expeditiously, without delay.

7.      Plaintiffs have already suffered irreparable harm in the form of being forced to choose between the exercise of their sincerely held religious beliefs and their abilities to feed their families. *See Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (noting "[t]here can be no question that the challenged restrictions," which required individuals to choose between their sincere religious beliefs and compliance with the law, "will cause irreparable harm").

8.      Despite professions from some of the Private Employer Defendants in this case that they have paused adverse actions for employees with timely exemption requests, that has not brought relief to all Plaintiffs, and at least some remain suspended (or fired) from their jobs even though they have submitted timely exemption requests. These employees cannot feed their families. They need their claims to be adjudicated expeditiously.

WHEREFORE, for good cause shown, Plaintiffs respectfully request that this Court set an expedited briefing schedule on Plaintiffs' Motion for Preliminary Injunction (dkt. 2) and schedule a hearing for as soon thereafter as possible.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver*
Horatio G. Mihet*
Roger K. Gannam*
Daniel J. Schmid*
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
Phone: (407) 875-1776
Facsimile: (407) 875-0770
Email: court@lc.org
hmihet@lc.org
rgannam@lc.org
dschmid@lc.org
*Applications for Admission pro hac vice pending

***Attorneys for Plaintiffs***

3

## CERTIFICATE OF SERVICE

I hereby certify that on this September 21, 2021, I caused a true and correct copy of the

foregoing to be electronically filed with the Court. Service will be effected on all counsel of record

via the Court's ECF/electronic notification system.

/s/ Roger K. Gannam
Roger K. Gannam
