

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8029

**By ECF**  
October 4, 2021

Hon. Ann M. Donnelly  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

Re:  *John Does, et al. v. Hochul, et al.,* 21-cv-5067 (AMD-TAM)

Dear Judge Donnelly:

This Office represents Governor Kathy Hochul and Health Commissioner Howard Zucker (the "State Defendants") in the above-referenced matter. I write pursuant to Rule 4.A of Your Honor's Individual Practices to request a pre-motion conference regarding the State Defendants' anticipated motion to dismiss the Complaint pursuant to Rule 12(b)(6).

In this case, Plaintiffs challenge the constitutionality of an emergency regulation promulgated by the New York State Department of Health ("DOH"), codified at N.Y. Comp. Codes R. & Regs. Title 10, § 2.61 (2021) ("Section 2.61"), entitled "Prevention of COVID-19 Transmission by Covered Entities," which requires healthcare workers to be vaccinated against the COVID-19 virus. Plaintiffs, five healthcare workers in various capacities, allege that the regulation violates their rights because they have sincere religious opposition to the COVID-19 vaccination, and while the regulation provides for a medical exemption, it does not also have a religious exemption.[1] Compl., ECF No. 1, at ¶¶ 10-14. Plaintiffs further allege that due to Section 2.61 they face possible termination from their employment and other damages. Plaintiffs claim that the lack of a religious exemption to the vaccine requirement in Section 2.61 violates the Supremacy Clause of the United States Constitution, the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment and that Defendants also have engaged in a Civil Rights Conspiracy.[2] Compl. at ¶¶ 119-190. For the reasons set forth below, the Complaint should be dismissed.

---

[1] Section 2.61 provides that "[c]overed entities shall continuously require personnel to be fully vaccinated against COVID-19, with the first doses for current personnel received by September 27, 2021 for general hospitals and nursing homes, and by October 7, 2021 for all other covered entities absent receipt of an exemption as allowed below." 10 N.Y.C.R.R. § 2.61(c). The regulation provides that personnel are exempt from these requirements "[i]f any licensed physician or certified nurse practitioner certifies that immunization with COVID-19 vaccine is detrimental to the health of a member of a covered entity's personnel, based upon a pre-existing health condition, the requirements of [Section 2.61] relating to COVID-19 immunization shall be inapplicable only until such immunization is found no longer to be detrimental to such personnel member's health." *Id.* at § 2.61(d)(1).

[2] Plaintiffs also allege that the private employer defendants are violating their rights under Title VII of the Civil Rights Act of 1964 ("Title VII"). Compl. at ¶¶ 165-176.

Hon. Ann M. Donnelly
October 4, 2021                                                                                                                         Page 2

*First*, Plaintiffs' Free Exercise Clause claim (Compl. at ¶¶ 119-128) fails because the State has no constitutional obligation to include a religious exemption in Section 2.61. For over a century, courts have upheld similar mandatory vaccination laws inasmuch as the right of free exercise of religion does not relieve persons of the obligation to comply with a "valid and neutral law of general applicability." *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U.S. 872 (1990). [3] The Supreme Court has made clear that where an alleged limitation on the exercise of religion "is not the object ... but merely the incidental effect of a generally applicable and otherwise valid provision, the First Amendment has not been offended." *Id.*, 494 U.S. at 878. Here, Section 2.61 is neutral and of general applicability, it does not reference religion and it applies to all employees of covered entities medically able to be vaccinated who could "potentially expose other covered personnel, patients or residents" if infected by COVID-19.

*Second*, Plaintiffs' Supremacy Clause claim (Compl. ¶¶ 129-145) fails because it is well-established that this provision does not afford a private right of action, and because Section 2.61 is not preempted by Title VII. The Supremacy Clause is not "the source of any federal rights" or any private cause of action, but a "rule of decision" that courts should not give effect to state laws that conflict with federal law. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015); *Davis* v. *Shah*, 821 F.3d 231, 245 (2d Cir. 2016) (there is no "implied right of action arising out of the Supremacy Clause" in light of *Armstrong*).

Nor does Title VII preempt the State's authority to require vaccinations of health care workers, as "[p]re-emption is not to be lightly presumed," *id.* (citing *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)), and it is presumed that the State's regulation "of matters related to health and safety" is valid under the Supremacy Clause. *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 715 (1985). More specifically, Title VII does not express any intent to "occupy the field" of regulation encompassed by Section 2.61 (*see* 42 U.S.C. § 2000h-4); and Section 2.61 does not expressly sanction a practice that is unlawful under Title VII or is inconsistent with its purpose. *See California Fed. Sav. & Loan Ass'n* v. *Guerra*, 479 U.S. 272, 280, 284 (1987). Title VII only requires employers to accommodate religious beliefs, practices or observances to the extent that doing so would not impose "undue hardship" on the employer (*see* 42 U.S.C. § 2000e(j)). Here, an accommodation permitting unvaccinated healthcare workers to potentially infect patients and other staff with a deadly virus during a pandemic would plainly constitute an undue hardship on employers. Further, compliance with both Title VII and Section 2.61 is not a "physical impossibility," and Section 2.61 does not pose an obstacle to accomplishing Title VII's objectives. Section 2.61 allows employers to provide reasonable accommodations to healthcare personnel where such activities are available by, for example, modifying their work activities so that they do not potentially expose other personnel, patients and facility residents to COVID-19 infection.

---

[3] *See Prince v. Massachusetts,* 321 U.S. 158, 166-7 (1944); *Zucht v. King*, 260 U.S. 174, 176 (1922); *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 25-27 (1905); *Phillips v. City of New York*, 775 F.3d 538, 542, 543 (2d Cir. 2015) (a mandatory vaccination requirement for schoolchildren "does not violate the Free Exercise Clause"); *W.D. v. Rockland County*, 2021 WL 707065 (S.D.N.Y. Feb. 22, 2021) (County's declaration conditioning any public assembly or school attendance --including private school attendance-- for a period of 30 days upon obtaining an appropriate vaccination in order to contain a measles outbreak did not violate Free Exercise Clause); *F.F. on behalf of Y.F. vs. State*, 66 Misc. 3d 467, 472-4 (Sup. Ct. Albany Cnty. 2019) *aff'd* 194 A.D.2d 80 (3rd Dep't 2021) (rejecting free exercise challenge to State legislature's elimination of the religious exemption to vaccine requirements for public school attendance).

Hon. Ann M. Donnelly  
October 4, 2021  Page 3

*Third*, Plaintiffs' Equal Protection Clause claim (Compl., ¶¶ 149-164) fails because Section 2.61 does not discriminate between religion and nonreligion by allowing a medical exemption to the COVID-19 vaccine mandate but not a religious exemption. The Supreme Court has stated that it will uphold a law that neither burdens a fundamental right nor targets a suspect class so long as the legislative classification bears a rational relation to an independent and legitimate legislative end. *Romer v. Evans*, 517 US 620, 623 (1996) (citing *Heller v. Doe*, 509 U.S. 312, 319-320 (1993)). Further, a classification that neither burdens a fundamental right nor targets a suspect class is accorded a strong presumption of validity. *See, e.g., FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313, 314-5 (1993); *Kadrmas v. Dickinson Public Schools*, 487 U.S. 450, 462 (1988); *Hodel v. Indiana*, 452 U.S. 314, 331-332 (1981). Even if there is a disparity of treatment, such classification does not violate equal protection if it has a rational relationship with a legitimate governmental purpose. *See Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992). Here, the mandatory vaccination requirement plainly furthers a compelling state interest in reducing the spread of a deadly pandemic disease. Moreover, it is clearly rational to exempt personnel whose physicians have determined that the COVID-19 vaccination would be medically detrimental to them, as that also furthers the public health. *See F.F.*, 194 A.D.3d at 89 ("repeal [of religious exemption from vaccination requirement] places all school-aged children who are not medically exempt on equal footing, which does not offend equal protection"). *See also Prince*, 321 U.S. at 171 and *Zucht*, 260 U.S. at 176-77.

*Finally*, Plaintiffs' civil rights conspiracy claim (Compl. at ¶¶ 177-190) fails because, as set forth above, Plaintiffs cannot establish that their constitutional rights have been violated. "[T]o maintain a claim pursuant to § 1985(3), there must be some predicate constitutional right which the alleged conspiracy violates." *Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003); *Emanuel v. Barry*, 724 F. Supp. 1096, 1100 (E.D.N.Y. 1989). Nor does Plaintiffs' complaint, in any event, plead the requisite elements of a Section 1985(3) conspiracy claim.[4] The State Defendants' promulgation of a valid public health regulation that is legally binding on the other defendants is not a basis for a conspiracy case.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

/s/ Seth J Farber /  
Seth J. Farber  
Assistant Attorney General  
Seth.Farber@ag.ny.gov

cc: All Counsel (via ECF)

---

[4] In order to prevail on a Section 1985(3) claim, Plaintiffs must establish "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws;  (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007).