**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964

www.garfunkelwild.com

MICHAEL J. KEANE
Partner Director
Licensed in NY, NJ
Email: mkeane@garfunkelwild.com
Direct Dial: (516) 393-2263

FILE NO.:   12118 .0109

October 4, 2021

**By ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *John Does et al. v. Kathy Hochul et al.*
              Docket No. 21 Civ. 5067 (AMD) (TAM)

Dear Judge Donnelly:

      We represent Defendant Westchester Medical Center Advanced Physician Services, P.C. ("APS") in the referenced action. In accordance with Rule 4(A) of Your Honor's Individual Practices and Rules, we write to respectfully request a pre-motion conference regarding APS's proposed motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**Background**

      APS is a professional service corporation that employs most of the physicians who work exclusively for the WMCHealth Network. In mid-August 2021, WMCHealth announced that that it would be implementing a policy requiring its workforce – including all APS employees – to be fully vaccinated against COVID-19 on or before September 30, 2021. Originally, this policy permitted both religious and medical exemptions. However, APS stopped accepting religious exemption requests in order to comply with the New York State Department of Health's COVID-19 vaccination mandate for health care workers (the "DOH Mandate"), issued on August 26, 2021, which prohibits employers from granting such requests.

      Plaintiffs commenced this lawsuit on September 10, 2021 against Governor Kathy Hochul and former Commissioner of Health Howard Zucker (collectively, the "State Defendants") and three health care entities: APS, New York-Presbyterian Healthcare System, Inc., and Trinity Health, Inc. (collectively, the "Employer Defendants"). Plaintiffs, who are proceeding pseudonymously, allegedly include a group of individuals who are employed by APS and who were denied religious exemptions as a result of the DOH Mandate.

The Honorable Ann M. Donnelly
October 4, 2021
Page 2

Plaintiffs seek to invalidate the DOH Mandate insofar as it prohibits health care entities like APS from providing religious exemptions to their employees.[1] Plaintiffs allege that by complying with the full DOH Mandate, APS and the other Employer Defendants would violate the Supremacy Clause, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1985(3).[2] As set forth below, APS requests permission to move to dismiss the Complaint against it because all of those claims are deficient as a matter of law.

**Plaintiffs' Supremacy Clause Claim**

In Count II, Plaintiffs' allege that the DOH Mandate violates the Supremacy Clause. That claim must be dismissed because courts simply do not recognize a cause of action under the Supremacy Clause. *See Armstrong v. Exceptional Child Ctr., Inc.,* 575 U.S. 320, 325 (2015); *Davis v. Shah,* 821 F.3d 231, 245 (2d Cir. 2016).

**Plaintiffs' Title VII Claim**

In Count IV, Plaintiffs allege that by denying their requests for religious exemptions, APS would be unlawfully discriminating against them on the basis of their religion, in violation of Title VII. Plaintiffs' claim is fatally flawed, for at least two reasons:

First, APS would suffer undue hardship by granting religious exemptions in violation of the DOH Mandate. Under Title VII, a requested religious accommodation presents an undue hardship, and need not be provided by the employer, if it would result in "'more than a *de minimis* cost' to the employer." *Baker* v. *The Home Depot,* 445 F.3d 541, 548 (2d Cir. 2006). It is well settled that an accommodation that causes an employer to violate the law, and subject itself to governmental penalties, would result in an undue hardship. *See Lowman v. NVI LLC,* 821 F. App'x 29, 31–32 (2d Cir. 2020); *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 830 (9th Cir. 1999). Granting religious exemptions would also cause APS undue hardship to the extent that it would jeopardize the health and safety of its patients and staff by increasing their risk of exposure to COVID-19.

Second, Plaintiffs failed to exhaust their administrative remedies. "Before bringing a Title VII suit in federal court, an individual must first present the claims forming the basis of such a suit . . . in a complaint to the EEOC or the equivalent state agency." *Littlejohn v. City of New York*, 795 F.3d 297, 322 (2d Cir. 2015). As Plaintiffs do not allege that they ever brought their claim before the EEOC or any applicable state agency, their claim is improperly before this Court and subject to dismissal.

---

[1] The DOH is currently enjoined from enforcing this prohibition by a Temporary Restraining Order issued in *Dr. A. v. Hochul*, No. 21 Civ. 1009 (N.D.N.Y. Sept. 14, 2021). Upon issuance of that TRO, APS again began accepting and processing religious exemption requests from its employees.

[2] Plaintiffs also assert claims against the State Defendants only under the Free Exercise Clause of the First Amendment (Count I) and the Equal Protection Clause of the Fourteenth Amendment (Count III).

The Honorable Ann M. Donnelly
October 4, 2021
Page 3

**<u>Plaintiffs' Section 1985(3) Claim</u>**

Count V, alleging conspiracy between the State Defendants and the Employer Defendants in violation 42 U.S.C. § 1985(3), also fails as a matter of law. To assert a claim under Section 1985(3), the plaintiff must allege: "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." A conspiracy under Section 1985 must also be "motivated by some . . . class-based, invidious discriminatory animus." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015); *see Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Plaintiffs' Section 1985(3) claim must fail because it is based on rote, conclusory allegations, without any specific facts to support the existence of a conspiracy, any acts by APS in furtherance of that conspiracy, or any discriminatory animus by APS. At most, Plaintiffs point to statements by APS and the other Employer Defendants that they are required to follow the DOH Mandate, and their subsequent refusal to consider religious exemption requests in accordance with the DOH Mandate. Because APS was merely complying with the requirements of state law, and there is absolutely no evidence of any nefarious intent by APS, Plaintiffs' claim is frivolous on its face.

Moreover, Plaintiffs cannot identify any underlying constitutional right or privilege that Defendants purportedly conspired to violate. Courts have repeatedly held that vaccine mandates are constitutional, *see, e.g.*, *Jacobson v. Massachusetts,* 197 U.S. 11, 27, 31 (1905); *W.D. v. Rockland County,* No. 19 Civ. 2066, 2021 WL 707065, at *16 n.4, 22 & 24 (S.D.N.Y. Feb. 22, 2021), and that there is no constitutional right to a religious exemption to a vaccine mandate. *See, e.g.*, *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015); *Workman v. Mingo County Bd. of Educ.*, 419 F. App'x 348, 352-56 (4th Cir. 2011).

APS respectfully requests that a pre-motion conference be scheduled at the Court's convenience regarding the foregoing grounds for dismissal of the Complaint against it.

Respectfully submitted,

*/s/ Michael J. Keane*

Michael J. Keane

cc: All Counsel of Record

GARFUNKEL WILD, P.C.

6243849v.5