

**Littler Mendelson P.C.**
375 Woodcliff Drive
Suite 2D
Fairport, NY  14450


Jacqueline Phipps Polito
585.203.3413 direct
585.203.3400 main
585.486.1774 fax
jpolito@littler.com

October 5, 2021

**VIA ECF**

Judge Ann Marie Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Does et al v. Hochul et al*.; Case 1:21-cv-05067-AMD-TAM

Dear Judge Donnelly:

Our office represents Defendant, Trinity Health, Inc. ("Trinity") in the above-referenced matter.[1]  Pursuant to 4(A)(i) of Your Honor's Individual Practices, please accept this letter as Trinity's request for permission to file a motion to dismiss all claims against it contained in Plaintiffs' Verified Complaint, dated September 10, 2021 (the "Complaint").  *See* Dkt. 1.  Trinity seeks this dismissal as Plaintiffs' Complaint fails to state a cognizable claim against Trinity.[2]

The only party in the Complaint that specifies a claim against Trinity is Jane Doe 3.  She alleges that she is a healthcare worker employed at Trinity, that she was initially approved for a religious exemption from receiving a COVID-19 vaccine, that her religious exemption was revoked on September 1, 2021, and that the revocation was a result of Trinity complying with state law.   *See* Complaint, ¶¶ 90-93. Plaintiffs' Complaint asserts three counts against Trinity: violation of the Supremacy Clause of the United States Constitution (Count II); violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count IV); and unlawful conspiracy in violation of 42 U.S.C. §1985(3) (Count V).  Even accepting the allegations laid out in Plaintiffs' Complaint as true, Plaintiffs fail to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007).

In Count II, Plaintiffs allege that Trinity's act of allegedly "remov[ing] the availability of religious exemptions and accommodations within the State of New York [and] ignor[ing] Title VII's commands that employers provide reasonable accommodations to individuals with sincerely held religious beliefs" violates the Supremacy Clause of the United States Constitution.  *See* Complaint, ¶ 145.  In making this assertion, Plaintiffs ignore that the Supremacy Clause is a rule of decision that "does not create a private

---

[1] The remaining defendants are each being represented by separate counsel, respectively.
[2] Trinity agreed to accept service of the Complaint on September 14, 2021, pending an agreement that Trinity would have sixty days to file its Motion to Dismiss.

right of action", and Plaintiffs' claims under the Supremacy Clause fail for this reason alone. *Davis v. Shah*, 821 F.3d 231, 245-46 (2d Cir. 2016); *see also Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 325 (2015) (noting that the Supremacy Clause "does not create a cause of action," but rather "instructs courts what to do when state and federal law clash…"). Accordingly, Plaintiffs have no viable claim against Trinity as alleged in Count II of their Complaint.

Similarly, Plaintiffs allegations in Count IV do not amount to a plausible claim, as they have failed to exhaust their administrative remedies through the Equal Employment Opportunity Commission ("EEOC") or its state equivalent, the New York Division of Human Rights, as required by Title VII. *See* 42 U.S.C. § 2000e-5(e)(1). Such a requirement is a condition precedent before Plaintiffs can bring such a claim in this Court (or in any court), *Selimovic v. South Side Assocs., LLC*, 2020 WL 2522117, at *4 (E.D.N.Y. May 18, 2020), and failure to do so "operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).

Even excluding Plaintiffs failure to exhaust their administrative remedies, their claims fail to state a cognizable claim under Title VII. Plaintiffs' Complaint makes it clear that Trinity changed its practices accommodating Jane Doe 3 by granting her a religious exemption, when Trinity's prior practice failed to comply with state law. *See* Complaint, ¶¶ 90-93. *See also* N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021) (requiring covered healthcare entities to "continuously require" employees to be fully vaccinated against COVID-19). The emergency rule contains a limited exception for employees "based upon a pre-existing health condition" but does not permit Trinity to grant an exception for employees based upon their religious belief. 10 N.Y.C.R.R. § 2.61 (c)(d). Courts have repeatedly recognized that an employer is not obligated to grant a religious exemption under Title VII when "accommodating an employee's religious beliefs would require it to violate federal or state law." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 825, 830 (9th Cir. 1999); *see Lowman v. NVI LLC*, 821 F. App'x 29, 31-32 (2d Cir. 2020); *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) (per curiam). Accordingly, even assuming Plaintiffs did exhaust their administrative remedies (which they did not plead in their Complaint), their claim under Title VII fails as a matter of law as Trinity would have been required to break state law to grant Jane Doe 3's requested accommodation.

Plaintiffs' claim that Trinity can be held liable as a civil rights conspirator for complying with state law likewise fails to state a plausible claim entitled to relief. *See* Compl ¶¶ 180-89. Initially, Plaintiffs' claims under Count V fail because Trinity, as a private entity, cannot violate the First Amendment. *See Loce v. Time Warner Ent. Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) (noting that government action may not be premised simply on a private entity's "licensing, or regulation by the government). Nor does Jane Doe 3 or any of the other Plaintiffs have a constitutional right to availability of religious exemption from a private employer's policy. *See, e.g., Lowman*, 821 F. App'x at 31-32; *Cassano*, 436 F.3d at 75. Accordingly, Plaintiffs cannot even establish the predicate constitutional right which the alleged "conspiracy" violates. *See Friends of Falun Gong v. Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003). Plaintiffs are not alleging that, absent an injunction, Trinity is requiring them to accept the COVID-19 vaccine and thereby violating their sincerely held religious beliefs; only that Plaintiffs will likely lose their jobs. Accordingly, there is no predicate constitutional right that Trinity is allegedly violating, and therefore Plaintiffs cannot make a plausible claim for relief under 42 U.S.C. §1985(3).

Even assuming that Plaintiffs could identify an "alleged" constitutional right that Trinity is violating, it cannot meet any of the other elements required to establish a civil conspiracy claim. To establish a claim

Judge Ann Marie Donnelly
October 5, 2021
Page 3

under 42 U.S.C. §1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). Plaintiff have failed to sufficiently plead a plausible claim for relief.  In fact, Plaintiffs' Complaint contains the precise kind of collective and threadbare allegations that merely repeat the elements of a cause of action that were rejected by *Twombley*, 550 U.S. at 555, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), and their progeny.

Plaintiffs' Complaint fails "to plead a conspiracy or meeting of the minds" between Trinity and the state and private employer Defendants, as such, Plaintiffs will be unable to prove such a conspiracy. *Friends of Falun Gong*, 288 F. Supp. 2d at 279. Rather, Plaintiffs make conclusory statements claiming that Trinity "agreed" to ignore an unidentified federal law requiring Trinity to offer religious exemptions and accommodations in contravention to state law without any supporting facts. *See* Compl. ¶ 183.  Moreover, Plaintiffs have made no allegations that Trinity sought to influence the decision of the Governor or other state actor to enact the Department of Health Mandate. *See United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 830 (1983). Nor are there any allegations that point to any evidence that Trinity actually conspired with *and* reached an agreement with any of the other Defendants. *See Kurd v. Republic of Turkey*, 374 F. Supp.3d 37, 62 (D.D.C. 2019). Lastly, Plaintiffs must plead and prove that the alleged conspiracy was the result of "class-based, invidiously discriminatory animus." *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Abdi v. Brookhaven Sci. Assocs., LLC*, 447 F. Supp. 2d 221, 226-27 (E.D.N.Y. 2006).  Plaintiffs allege in conclusory fashion that Trinity acted with a "purpose to deprive Plaintiffs of their rights to exercise of their religious beliefs and equal protection."  Compl. ¶ 183.  But Plaintiffs cite no facts to indicate that Trinity was motivated by animus in complying with the legal mandate imposed by New York State.

Finally, Trinity intends to move to dismiss Plaintiffs' Complaint for failure to state the basis for venue and jurisdiction as against Trinity because nowhere in the Complaint is Jane Doe 3's residence or employer identified; nor have Plaintiffs identified a basis for jurisdiction as against Trinity, all as required by 28 U.S.C. §1391.

Because Plaintiffs' Complaint fails to establish a plausible claim for relief, we respectfully request an opportunity to file a motion to dismiss on behalf of Trinity.  We thank the Court for its attention and consideration in this matter.

Respectfully Submitted,

Littler Mendelson, P.C.

*/s/ Jacqueline Phipps Polito*

Jacqueline Phipps Polito

cc:     All Counsel of Record (via ECF)

4817-8035-8909