UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE 1, JANE DOES 1-3, JACK DOES 1-1750, JOAN DOES 1-750,<br><br>         Plaintiffs,<br><br>v.<br><br>KATHY HOCHUL, in her official capacity as Governor of the State of New York, HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health, TRINITY HEALTH, INC., NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., WESTCHESTER MEDICAL CENTER ADVANCED PHYSICIAN SERVICES, P.C.,<br><br>         Defendants. | Case No. 1:21-cv-05067-AMD-TAM |

## TRINITY HEALTH, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Jacqueline Phipps Polito
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, New York 14450
Tel: 585.203.3400
Attorneys for Defendant
TRINITY HEALTH, INC.

# TABLE OF CONTENTS

PAGE

I.  FACTUAL BACKGROUND ........................................................................................... 1

II. ARGUMENT ............................................................................................................... 3

   A.  LEGAL STANDARD ................................................................................................ 3

     1.  PLAINTIFFS CANNOT SHOW THEY WILL SUFFER IRREPARABLE HARM IN CONNECTION WITH THEIR CLAIMS AGAINST TRINITY ................................. 4

     2.  PUBLIC INTEREST FAVORS THE DENIAL OF PLAINTIFFS' REQUEST AS AGAINST TRINITY ................................................................................ 8

     3.  PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS AGAINST TRINITY ..................................................................... 9

       a.  Count II, purporting to allege a violation of the Supremacy Clause of the United States Constitution, does not state a viable cause of action. ................................... 9

       b.  Count IV, purporting to allege violations of Title VII of the Civil Rights Act of 1964, is both premature and meritless. ................................................. 10

       c.  Count V, purporting to allege an unlawful conspiracy to violate Plaintiffs' rights under 42 U.S.C. § 1985, is unsupported by and contradicted by the evidence..... 12

III. CONCLUSION ........................................................................................................... 16

## TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Abdi v. Brookhaven Sci. Assocs., LLC*,
447 F. Supp. 2d 221 (E.D.N.Y. 2006) ....................................................................15

*Albemarle Paper Co. v. Moody*,
422 U.S. 405 (1975)..................................................................................................7

*Ansonia Bd. of Educ. v. Philbrook*,
479 U.S. 60 (1986)..................................................................................................12

*Armstrong v. Exceptional Child Center, Inc.*,
575 U.S. 320 (2015)................................................................................................10

*Blum v. Schlegel*,
830 F. Supp. 712 (W.D.N.Y. 1993) ..........................................................................4

*Bronx Household of Faith v. Board of Educ.*,
331 F.3d 342 (2d Cir 2003)......................................................................................4

*Cassano v. Carb*,
436 F.3d 74 (2d Cir. 2006) (per curiam).........................................................12, 13

*Cine SK8, Inc. v. Town of Henrietta*,
507 F.3d 778 (2d Cir. 2007)....................................................................................14

*CQS ABS Master Fund Ltd. v. MBIA Inc.*,
No. CIV. 6840 (RJS), 2014 WL 11089340 (S.D.N.Y Jan. 29, 2014) ......................8

*Davis v. Shah*,
821 F.3d 231 (2d Cir. 2016) ...................................................................................10

*District Council 1707 v. New York Ass'n For New Americans, Inc.*,
No. 03 Civ. 9536 RCC, 2003 WL 22871926 (S.D.N.Y. Dec. 4, 2003)...................6

*El Horin Yisrael v. Per Scholas, Inc.*,
No. 01 Civ. 8290 (DAB), 2004 U.S. Dist. LEXIS 5807 (S.D.N.Y. Apr. 2,
2004) ................................................................................................................12, 13

*Emanuel v. Barry*,
724 F. Supp. 1096 (E.D.N.Y. 1989) .......................................................................13

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
559 F.3d 110 (2d Cir. 2009).....................................................................................6

# TABLE OF AUTHORITIES (CONT.)

PAGE(S)

*FEI Hong Kong Co. Ltd. v. GlobalFoundaries, Inc.*,
   No. 1:20-cv-02342-MKV, 2020 WL 1444956 (S.D.N.Y. Mar. 25, 2020) ...............................5

*Fowlkes v. Ironworkers Loc. 40*,
   790 F.3d 378 (2d Cir. 2015)..................................................................................................11

*Friends of Falun Gong v. Pacific Cultural Enter., Inc.*,
   288 F. Supp. 2d 273 (E.D.N.Y. 2003) ..............................................................................13, 14

*Griffen v. Breckenridge*,
   403 U.S. 88 (1971).................................................................................................................15

*Hardaway v. Hartford Pub. Works Dep't*,
   879 F.3d 486 (2d Cir. 2018)..................................................................................................11

*Hickerson v. City of New York*,
   146 F.3d 99 (2d Cir. 1998)......................................................................................................4

*Hodges v. Attorney General of U.S.*,
   976 F.Supp.2d 480 (S.D.N.Y. 2013)......................................................................................11

*Hyde v. KLS Advisors Grp., LLC*,
   500 F. App'x 24 (2d Cir. 2012) ...........................................................................................6, 7

*Kamerling v. Massanari*,
   295 F.3d 206 (2d Cir. 2002)....................................................................................................5

*Kurd v. Republic of Turkey*,
   374 F. Supp.3d 37 (D.D.C. 2019) .........................................................................................15

*Litwin v. Ocean Freight, Inc.*,
   865 F. Supp. 2d 385 (S.D.N.Y. 2011)......................................................................................8

*Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n,
   Inc.*,
   965 F.2d 1224 (2d Cir. 1992)..................................................................................................4

*Loce v. Time Warner Ent. Advance/Newhouse P'ship*,
   191 F.3d 256 (2d Cir. 1999)..................................................................................................13

*Lowman v. NVI LLC*,
   821 F. App'x 29 (2d Cir. 2020) ........................................................................................12, 13

*Mabry v Neighborhood Defender Serv.*,
   88 A.D.3d 505 (1st Dept. 2011).............................................................................................6

iii

# TABLE OF AUTHORITIES (CONT.)

**PAGE(S)**

*Mazurek v. Armstrong,*
  520 U.S. 968 (1997)..................................................................................................3

*McDonnel Douglas Corp. v. Green,*
  411 U.S. 792 (1973)................................................................................................11

*North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.,*
  883 F.3d 32 (2d Cir. 2018)........................................................................................4

*Peck v. Montefiore Med. Ctr.,*
  987 F. Supp. 2d 405 (S.D.N.Y. Dec. 16, 2013) ....................................................6, 8

*Roman Catholic Diocese of Brooklyn v. Cuomo,*
  141 S. Ct. 63 (2020)..................................................................................................7

*Sampson v. Murray,*
  415 U.S. 61 (1974)............................................................................................5, 6, 7

*Savage v. Gorski,*
  850 F.2d 64 (2d Cir. 1988).....................................................................................6, 8

*Selimovic v. South Side Assocs., LLC,*
  No. 16-CV-298 (RRM) (ST), 2020 WL 2522117 (E.D.N.Y. May 18, 2020) ........11

*Sutton v. Providence St. Joseph Med. Ctr.,*
  192 F.3d 826 (9th Cir. 1999) ..................................................................................12

*Tom Doherty Assocs., Inc. v. Saba Entm't, Inc.,*
  60 F.3d 27 (2d Cir. 1995) ...............................................................................3, 9, 13

*United Bhd. of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott,*
  463 U.S. 825 (1983)................................................................................................15

*Webb v. Goord,*
  340 F.3d 105 (2d Cir. 2003)....................................................................................14

*Winter v. Natural Res. Def. Council, Inc.,*
  555 U.S. 7 (2008).....................................................................................................3

*Yeager v. FirstEnergy Generation Corp.,*
  777 F.3d 362 (6th Cir. 2015) ..................................................................................12

## TABLE OF AUTHORITIES (CONT.)

PAGE(S)

**Statutes**

42 U.S.C. §1981a ................................................................................................................7

42 U.S.C. § 2000e-2(a)(1) ..............................................................................................11

42 U.S.C. § 2000e-5(e)(1) ...............................................................................................10

42 U.S.C. § 2000e(j) ........................................................................................................12

N.Y. Pub. Health L. § 2806(1)(a) (2021) ......................................................................2, 9

N.Y. Pub. Health L. §3608(2) (2012) ..............................................................................2

**Other Authorities**

10 N.Y.C.R.R. § 2.61 (a)(2), (c) ......................................................................................2

10 N.Y.C.R.R. § 2.61 (c), (d) ..........................................................................................2

Plaintiffs' Motion for a Preliminary Injunction as against Trinity Health, Inc. ("Trinity") fails as a matter of law. Plaintiffs' Verified Complaint purports to assert three counts against Trinity: violation of the Supremacy Clause of the United States Constitution (Count II); violation of Title VII of the Civil Rights Act of 1964 (Count IV); and unlawful conspiracy in violation of 42 U.S.C. §1985 (Count V). As set forth below, Plaintiffs have failed to carry their burden of proving entitlement to injunctive relief on any of these claims as against Trinity because they cannot establish irreparable harm and all Counts against Trinity fail to state a cognizable cause of action as a matter of law.

## I.     FACTUAL BACKGROUND

On August 26, 2021, the New York State Department of Health issued an emergency rule, codified at N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021) applicable to health care institutions (hereinafter "DOH Mandate").   In accordance with the DOH Mandate, Trinity amended its practice of considering religious exemptions with respect to COVID-19 vaccinations. Compl. at ¶¶90-93.[1]  In the Verified Complaint, Plaintiffs do not allege that Trinity violated any applicable state law.  Rather, they contend that federal law preempts any state law with respect to the requests for religious exemptions and as such, the process for considering such exemptions should not have been halted. Simply put, Plaintiffs claims are with the State and not with Trinity.  Plaintiffs seek extraordinary relief by way of a preliminary injunction without meeting their burden of proof. Plaintiffs' motion for a temporary restraining order ("TRO") was denied on September 14, 2021, but the Court allowed Plaintiffs to move forward with their application for a preliminary injunction. *See,* Dkt. 35.

---

[1] Solely for purposes of Trinity's opposition, we are assuming that the facts as pled in the Verified Complaint are true.

The DOH Mandate requires covered healthcare entities to "continuously require" employees to be fully vaccinated against COVID-19 if they "engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." 10 N.Y.C.R.R. § 2.61 (a)(2), (c). The rule contains a limited exception for employees for whom a "COVID-19 vaccine [would be] detrimental to" their health "based upon a pre-existing health condition." *Id.* § 2.61(d)(1). To comply with the DOH Mandate, Trinity amended its COVID-19 vaccination policy to comply with the state law. *See* Compl., ¶¶ 90-93, Ex. I, J. Trinity informed employees that "[u]nder emergency regulations the NYS DOH will not permit exemptions or deferrals for: Sincerely held religious beliefs, …" Compl., ¶ 92, Ex. J. In accordance with the DOH mandate, Trinity advised employees that in order to "comply with state law", anyone "who was previously approved for [religious] exemptions…will be required to provide proof of (1) first dose of a 2-dose series (mRNA) or (2) a single dose vaccine (Johnson & Johnson) no later than September 21, 2021." Compl. ¶ 93, Ex. J.

The promulgation of the DOH Mandate required that Trinity comply with the regulation, because the consequences for failing to require and maintain proof of employee vaccination or medical exemption were specifically required. *See* 10 N.Y.C.R.R. § 2.61 (c), (d). If Trinity did not comply with the DOH Mandate, it could be enjoined from continuing to permit employees to work absent proof of vaccination or exemption and could subject Trinity to civil fines, penalties, and loss of licensure. *See, e.g.* N.Y. Pub. Health L. § 2806(1)(a) (2021) ("A hospital operating certificate may be revoked, suspended, limited or annulled … [if] the hospital has failed to comply with the provisions of [Article 28] or rules and regulations promulgated thereunder"); N.Y. Pub. Health L. §3608(2) (2012) ("A certified home health agency certificate of approval

may be revoked, suspended, limited or annulled … [if the] home health agency has failed to comply with the provisions of [Article 36] or rules and regulations promulgated thereunder").

The only party in the Verified Complaint that specifies a claim against Trinity is Jane Doe 3. She alleges that she is a healthcare worker employed at Trinity, that she was initially approved for a religious exemption, that her religious exemption was revoked on September 1, and that the revocation was a result of Trinity complying with state law.  Compl. ¶¶ 90-93. Those limited factual allegations fail to state a cognizable claim against Trinity as a matter of law.[2]

## II.    ARGUMENT

### A.    LEGAL STANDARD

In seeking a preliminary injunction, Plaintiffs must demonstrate "that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original).

The Second Circuit recognizes two types of injunctions: prohibitory and mandatory injunctions.  Where, as here, Plaintiffs seek to "alter the status quo by commanding some positive act", they are seeking a mandatory injunction.  *Tom Doherty Assocs., Inc. v. Saba Entm't, Inc.*, 60 F.3d 27, 24 (2d Cir. 1995).  Accordingly, Plaintiffs must meet a heightened legal

---

[2] Notably, Plaintiff Jane Doe 3 and all other plaintiffs have even failed to state the basis for venue and jurisdiction as against Trinity because nowhere in the Complaint is Jane Doe 3's residence or employer identified. Further, there is no basis in the Complaint for jurisdiction as against Trinity because again Plaintiffs even fail to set forth an address, all as required by 28 U.S.C. § 1391.

standard (which they cannot do) "by showing a 'clear or substantial likelihood of success on the merits.'" *North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) *citing N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir.).[3] The movant bears the burden of persuasion on each element. *Blum v. Schlegel*, 830 F. Supp. 712, 723 (W.D.N.Y. 1993). Under Second Circuit precedent, Plaintiff must meet a significantly higher standard.  *See Bronx Household of Faith v. Board of Educ.,* 331 F.3d 342, 349 (2d Cir 2003) (stating that the standard for a mandatory injunction requires "an even higher standard of proof" than an ordinary injunction). Thus, in this case, Plaintiffs who seek to vacate a state regulation, must show both *<u>irreparable harm</u>* in the absence of an injunction and a *<u>clear or substantial likelihood of success on the merits</u>*.

### 1.   PLAINTIFFS CANNOT SHOW THEY WILL SUFFER IRREPARABLE HARM IN CONNECTION WITH THEIR CLAIMS AGAINST TRINITY

Plaintiffs cannot meet their burden against Trinity because they cannot establish the single, most important element to obtain relief – irreparable harm.  In fact, Plaintiffs tacitly admitted as much during oral argument before this Court:

| | |
|---|---|
| THE COURT: | On the irreparable harm question, how do you intend with the cases that we see in New York Hospital's brief from today that say that the loss of employment is not irreparable harm for TRO purposes? |
| MR. SCHMID: | For TRO[4] purposes against a private employer defendant, your Honor, the government – the private employer defendants may have a point. |

---

[3] Even when seeking a prohibitory injunction, a party seeking such drastic relief bears the burden of establishing that, (1) absent such relief, it will suffer an irreparable injury; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and (3) a balance of hardships tipping in the moving party's favor. *Hickerson v. City of New York*, 146 F.3d 99, 103 (2d Cir. 1998).  Plaintiffs cannot even meet this lower threshold as their claims against Trinity all fail as a matter of law.

[4] "The same standards used to review a request for a preliminary injunction govern consideration of an application for temporary restraining order." *See Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

*Transcript Proceedings*, p. 10.

Plaintiffs are correct, the private employer defendants do have a point – the point being that Plaintiffs cannot establish irreparable harm and, therefore, their request for injunctive relief must be denied.

"[T]he Second Circuit has made clear that a showing of irreparable harm is 'the single most important prerequisite for the issuance' of injunctive relief." *FEI Hong Kong Co. Ltd. v. GlobalFoundaries, Inc.*, No. 1:20-cv-02342-MKV, 2020 WL 1444956, at *2 (S.D.N.Y. Mar. 25, 2020) (*quoting Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) ("The showing of irreparable harm perhaps the single most important prerequisite for the issuance of a preliminary objection") (internal citations omitted). "Case law makes clear that to make out a showing of irreparable harm, the alleged injury must be one incapable of being fully remedied by monetary damages." *FEI*, 2020 WL 144956, at *2 *citing Moore v. Consolidated Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances.").  Plaintiffs are unable to demonstrate a showing of irreparable harm and therefore have an impossible, uphill battle to meet the burden entitling them to a preliminary injunction against Trinity.

This Court need not even consider the merits of Plaintiffs' claims as against Trinity because as expressly stated by this Court in deciding Plaintiffs' TRO application[5], they simply

---

[5]  The factual predicate for Plaintiffs' claims against the private defendants is the fear that the hospitals would deny religious exemptions and terminate Plaintiffs because of the compulsion arising from the New York State rule. *See, e.g.*, Verified Complaint ¶¶ 169-70, ECF No. 1 (alleging that the private  defendants violated Title VII by refusing to grant an "accommodation or exemption to the Governor's  COVID-19 Vaccine Mandate" and by  "threatening to fire Plaintiffs unless they . . . comply with the Governor's COVID-19 Vaccine Mandate"). But the state rule is not currently enforceable, given the Northern District order. In any event, Plaintiffs have not established a likelihood that the private defendants will cause irreparable harm absent injunctive relief. *See, e.g.*, *Sampson v. Murray*, 415 U.S. 61, 90-92 (1974) (loss of earnings does not constitute "irreparable harm" in the employment context). (Dkt. 35).

cannot show any irreparable harm.  Where, as here, Plaintiffs fail "to establish irreparable injury," the Court "need go no further." *Hyde v. KLS Advisors Grp., LLC,* 500 F. App'x 24, 26 (2d Cir. 2012).

To meet their burden, "[p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote, nor speculative, but actual and imminent, ***and one that cannot be remedied if a court waits*** until the end of trial to resolve the harm." *Faiveley*, 559 F.3d at 118 (emphasis added) (*quoting Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)).

In the context of employment disputes, irreparable harm is lacking where the plaintiff, even if ultimately successful, will be entitled to reinstatement and back pay damages.  *See Peck v. Montefiore Med. Ctr.,* 987 F. Supp. 2d 405, 412 (S.D.N.Y. Dec. 16, 2013) (discharge from employment does not constitute irreparable harm); *Mabry v Neighborhood Defender Serv.,* 88 A.D.3d 505, 506 (1st Dept. 2011) ("Plaintiff has not shown irreparable harm, since he will be entitled to reinstatement and back pay if he prevails on the merits and his termination is annulled.").  The law is well-established that the loss of employment and the resulting financial loss, do not constitute "irreparable harm" because Plaintiffs can be fully compensated with money damages. *See Sampson v. Murray*, 415 U.S. 61, 90-92 (1974); *Hyde*, 500 F. App'x at 25; *Savage v. Gorski*, 850 F.2d 64, 67 (2d Cir. 1988); *Peck* 987 F. Supp. 2d at 412-13 (S.D.N.Y. 2013); *District Council 1707 v. New York Ass'n For New Americans, Inc.*, No. 03 Civ. 9536 RCC, 2003 WL 22871926, at *3 (S.D.N.Y. Dec. 4, 2003).  That is because reinstatement and/or money damages can make a discharged employee whole. *Hyde*, 500 F.App'x at 25; *Savage* 850 F.2d at 68.

Plaintiffs are entitled to such relief here. One of the central purposes behind Congress' enactment of Title VII, however, is "to make persons whole for *injuries suffered* on account of unlawful employment discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975) (emphasis added).  Any Plaintiff who can demonstrate a meritorious Title VII claim will have an adequate remedy at law in the form of back pay, front pay or reinstatement, compensatory and punitive damages, and attorneys' fees—*i.e.* money. 42 U.S.C. §1981a. Thus, each and every plausible harm Plaintiffs might experience as a result of alleged discrimination by Defendants is capable of being remedied through post-trial relief.

The principle that the loss of First Amendment freedoms will usually constitute irreparable harm has no application here as against Trinity. Plaintiffs do not allege that, absent an injunction, they will be required to accept the COVID-19 vaccine and thereby violate their sincerely held religious beliefs; only that they will likely lose their jobs. Thus, their claims are dissimilar to those raised in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68 (2020) where the plaintiffs complained that governmental regulation prevented them from worship or otherwise made it impossible for them to adhere to their sincerely held religious beliefs.  There is nothing in the DOH Mandate which prevents Plaintiffs to act in accordance with their religious beliefs and therefore decline the vaccine. Hence their ability to adhere to their beliefs is not at issue. The harm they complain of is the loss of employment.

Plaintiffs cannot make the requisite showing of irreparable harm, and injunctive relief is not an appropriate or available remedy at this time. *See, e.g., Sampson*, 415 U.S. at 91-92 ("Assuming for the purpose of discussion that respondent had made a satisfactory showing of loss of income … we think the showing falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction"); *Hyde,* 500 F. App'x at 25 ("in

the employment context, the long-established principle that financial loss is not 'irreparable' for determining whether a preliminary injunction is warranted."); *Savage*, 850 F.2d at 68 ("Since reinstatement and money damages could make appellees whole for any loss suffered during this period, their injury is plainly reparable and appellees have not demonstrated the type of harm entitling them to injunctive relief); *Peck*, 987 F. Supp. 2d at 412 ("the law is clear that a discharge from employment and the injuries that may flow therefore (*e.g.*, lost income, damage to reputation, and difficulty finding future employment) do not constitute the irreparable harm necessary to obtain a preliminary injunction). Accordingly, Plaintiffs request for injunctive relief must be denied as to Trinity.

## 2.   PUBLIC INTEREST FAVORS THE DENIAL OF PLAINTIFFS' REQUEST AS AGAINST TRINITY

Even if Plaintiffs could establish irreparable harm (which they cannot), Plaintiffs' motion for preliminary injunction must be denied as the potential harms and public interest favor Trinity. A "preliminary injunction may not [be] issue[d] unless the movant clearly shows that the balance of equities favors the movant". *Litwin v. Ocean Freight, Inc.*, 865 F. Supp. 2d 385, 401 (S.D.N.Y. 2011); *see also CQS ABS Master Fund Ltd. v. MBIA Inc.*, No. CIV. 6840 (RJS), 2014 WL 11089340, at *3 (S.D.N.Y Jan. 29, 2014) (denying preliminary injunction where plaintiffs could not establish "that the equities tip decidedly in their favor"). Plaintiffs have an adequate remedy at law thus, the balance of equities lie with Trinity.

Moreover, the factual allegations in the Complaint as against Trinity merely state that Trinity was complying with state law. Plaintiffs admitted as such during oral argument before this Court. *Transcript*, p. 16 ("We have the defendants here, prior to the rule change, all granting many of the plaintiffs here exemptions and accommodations only to revoke them at the governor's rule change."). As such, the balance of equities favors Trinity. If Trinity were

8

ordered to grant religious exemptions, notwithstanding the DOH Mandate to the contrary, Trinity would be forced to violate state law and could face consequences that would have a detrimental effect on its employees and the public at large. *See e.g.,* N.Y. Pub. Health L. §2806(1)(a) (2021) ("A hospital operating certificate may be revoked, suspended, limited or annulled … [if] the hospital has failed to comply with the provisions of [Article 28] or rules and regulations promulgated thereunder"). On balance, the potential harm to Trinity and the public interest if Trinity were forced to either abide by a preliminary injunction or violate state law, both plainly favor Trinity.

### 3. PLAINTIFFS ARE UNLIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS AGAINST TRINITY

Plaintiffs are not entitled to injunctive relief as they fail to even establish any claim that is remotely likely to succeed against Trinity, let alone show a substantial showing of likelihood of success on their claims. In seeking a mandatory injunction against Trinity, Plaintiffs are seeking to disrupt the status quo. *Tom Doherty*, 60 F.3d at 34.  Therefore, to meet this prong (and be entitled to injunctive relief), Plaintiffs must show "a *more substantial showing of likelihood of success*" than the law requires for a preliminary injunction. *Id.* (emphasis added).  Plaintiffs' claims fall far below this threshold.

#### a. Count II, purporting to allege a violation of the Supremacy Clause of the United States Constitution, does not state a viable cause of action.

Plaintiffs' first claim against Trinity is not a viable cause of action.  In Count II, Plaintiffs allege that Trinity's acts of allegedly "remov[ing] the availability of religious exemptions and accommodations within the State of New York [and] ignor[ing] Title VII's commands that employers provide reasonable accommodations to individuals with sincerely held religious

beliefs" violates the Supremacy Clause of the United States Constitution. (Verified Comp. ¶ 145.)  However, the Supremacy Clause of the Constitution does not create a cause of action.

The Supremacy Clause of the United States Constitution is a rule of decision—not a "source of any federal rights." *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324 (2015) (internal quotation omitted.)  In other words, the Supremacy Clause "does not create a cause of action," but rather "instructs courts what to do when state and federal law clash …" *Id.* at 325. The Court reasoned in *Armstrong* that reading a private right of action into the Supremacy Clause would be "strange" given the Constitution's "silen[ce] regarding who may enforce federal laws in court, and in what circumstances they may do so," and that the result of permitting a private right of action would be to "significantly curtail [Congress's] ability to guide the implementation of federal law." *Id.* at 325-26.

The Supremacy Clause "does not create a private right of action", and Plaintiffs' claims under the Supremacy Clause fail for this reason alone. *Davis v. Shah*, 821 F.3d 231, 245-46 (2d Cir. 2016) ("*Armstrong* forecloses plaintiffs' claim that the Supremacy Clause endows them with an implied right of action"). Because Plaintiffs have no right to bring this action under the Supremacy Clause, there is no substantial likelihood that Plaintiffs could prevail on the merits of this claim. The failure to state even a viable claim under the law forecloses any chance that Plaintiffs are entitled to injunctive relief.

> **b.    Count IV, purporting to allege violations of Title VII of the Civil Rights Act of 1964, is both premature and meritless.**

Simply put, Plaintiffs Title VII claims cannot withstand a motion to dismiss, as they have failed to exhaust their administrative remedies. Title VII of the Civil Rights Act of 1964 ("Title VII") requires that, before filing a civil suit, aggrieved individuals must first file a discrimination complaint with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(e)(1);

*Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 383-84 (2d Cir. 2015). Administrative exhaustion is a condition precedent for bringing a claim under Title VII. *Selimovic v. South Side Assocs., LLC*, No. 16-CV-298 (RRM) (ST), 2020 WL 2522117, at *4 (E.D.N.Y. May 18, 2020).  In other words, claims under Title VII are "barred unless the employee has exhausted available administrative remedies", *Hodges v. Attorney General of U.S.*, 976 F.Supp.2d 480, 490 (S.D.N.Y. 2013) (internal citations omitted), and failure to do so "operates as an affirmative defense." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).

Plaintiffs failure to allege that they have exhausted their administrative remedies through either the EEOC or the New York State Division of Human Rights, renders their claims ripe for a motion to dismiss.  Since Plaintiffs cannot meet the condition precedent for even bringing a claim under Title VII, they cannot demonstrate a clear or substantial likelihood of success on the merits of this cause of action.

Even excluding Plaintiffs failure to exhaust their administrative remedies, their claims will fail on the merits under Title VII.  As noted above, Title VII makes it unlawful for an employer to discharge or otherwise discriminate against an individual with respect to the terms or conditions of employment because of such individual's religion, among other protected characteristics. 42 U.S.C. § 2000e-2(a)(1).  But Title VII does *not require* employers to accommodate religious beliefs or practice when doing so would pose an undue hardship on the employer which, in this case, would be a violation of state law.

Rather, claims for religious discrimination under Title VII are governed by the burden-shifting analysis outlined in *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under *McDonnel Douglas*, a person alleging disparate treatment under Title VII must first establish a *prima facie* case of discrimination. *Id.* Then the burden shifts to the employer to show

that it could not reasonably accommodate plaintiff without undue hardship on the conduct of the employer's business. *See* 42 U.S.C. § 2000e(j); *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 63 (1986).

Assuming Plaintiffs could establish a *prima facie* case under their Title VII claim, their claims will fail as Trinity would face an undue hardship if they were forced to provide Plaintiffs with a religious accommodation.  Courts have repeatedly recognized that an employer is not obligated to grant a religious exemption under Title VII when "accommodating an employee's religious beliefs would require the employer to violate federal or state law." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999); *see Lowman v. NVI LLC*, 821 F. App'x 29, 31-32 (2d Cir. 2020); *Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) (per curiam); *Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362, 363 (6th Cir. 2015).  *See also*,  *El Horin Yisrael v. Per Scholas, Inc.*, No. 01 Civ. 8290 (DAB), 2004 U.S. Dist. LEXIS 5807 at *10 (S.D.N.Y. Apr. 2, 2004) (holding that plaintiff failed to establish a *prima facie* case of religious discrimination under Title VII because the employee sought a religious exemption for a requirement imposed by law, not his employer; when "the requested accommodation" requires a violation of law it "constitute[s] an undue hardship" on the employer). Accordingly, even assuming Plaintiffs did in fact meet the prerequisite to a Title VII claim by filing a charge, the claim fails as a matter of law.

**c.  Count V, purporting to allege an unlawful conspiracy to violate Plaintiffs' rights under 42 U.S.C. § 1985, is unsupported by and contradicted by the evidence.**

Plaintiffs assertions that Trinity engaged in an "unlawful conspiracy" are unsupported by any factual basis and are meritless under the law.  Plaintiffs essentially argue that Trinity can be held liable as a civil rights conspirator merely for complying with state law.  *See* Compl. ¶¶ 180-189 (alleging Trinity's "agreements" to comply with state law constitute a conspiracy "to deprive

Plaintiffs of their rights to the exercise of their religious beliefs and equal protection."). Consistent with Plaintiffs other claims against Trinity, Plaintiffs fail to even meet the most basic requirements needed to survive a motion to dismiss – much less show that they are "*a more substantial showing of likelihood of success*" than the law requires for a preliminary injunction. *Tom Doherty*, 60 F.3d at 34.

Even before getting the standards to establish a conspiracy as to Trinity under 42 U.S.C. § 1985(3), Plaintiffs' claims must fail as Trinity, as a private entity, cannot violate the First Amendment and they cannot show an actual predicate constitutional violation needed to establish their claim. Only government action, not that of a private entity, can violate the First Amendment. *Loce v. Time Warner Ent. Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999). Government action may not be premised simply on a private entity's "licensing, or regulation by the government." *Id.* Employees simply do not have a constitutional right to the availability of a religious exemption from a private employer's policy. *See, e.g., Lowman*, 821 F. App'x at 31-32; *Cassano*, 436 F.3d at 75; *Yisrael v. Per Scholas*, 2004 U.S. Dist. LEXIS 5807 at *10. Accordingly, Plaintiffs have no First Amendment claim against Trinity.

Moreover, in order "to maintain a claim pursuant to § 1985(3), there must be some predicate constitutional right which the alleged conspiracy violates." *Friends of Falun Gong v. Pacific Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003); *see Emanuel v. Barry*, 724 F. Supp. 1096, 1100 (E.D.N.Y. 1989) ("[T]here must be some sort of predicate constitutional right which the alleged conspirators conspired to violate."). As noted above, Plaintiffs are not alleging that, absent an injunction, Trinity is requiring them to accept the COVID-19 vaccine and thereby violating their sincerely held religious beliefs; only that

13

Plaintiffs will likely lose their jobs. Accordingly, there is no predicate constitutional right that Trinity is allegedly violating.

Similarly, Plaintiffs cannot meet the standards to recover under 42 U.S.C. § 1985(3), in that Plaintiffs have failed to show: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). For several reasons, Plaintiffs are not entitled to injunctive relief as they have failed to even plead facts sufficient to sustain such a claim – let alone facts that would show a substantial likelihood of success on the merits.

*First*, a claim of conspiracy must "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003). Plaintiffs' Complaint fails "to plead a conspiracy or meeting of the minds" between Trinity, and the state and private employer Defendants, as such, Plaintiffs will be unable to prove such a conspiracy. *Friends of Falun Gong*, 288 F. Supp. 2d at 279. This claim rests on the bald assertion that Trinity "agreed" to ignore an unidentified federal law requiring Trinity to offer religious exemptions and accommodations in contravention to state law. Compl. ¶ 183. But this claim is belied by Plaintiffs' own Complaint which affirmatively states that Jane Doe 3 "was initially approved for the religious exemption." Compl. ¶ 90. It makes no sense that Trinity would "conspire" to deprive its employees of an alleged "fundamental right" shortly after it granted Jane Doe 3's exemption on religious grounds.

14

*Second*, "an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state." *United Bhd. of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 830 (1983). Plaintiffs' allegation is simply that Trinity's decision to follow the law somehow constituted an unlawful conspiracy. This is insufficient to show a clear or substantial likelihood of success on the merits of Plaintiffs' § 1985(3) claim. Moreover, Plaintiffs point to no facts which show that Trinity sought to influence the decision by the Governor or other state actor to enact the DOH Mandate. In short, in the absence of any evidence that Trinity actually conspired and reached an agreement with any of the other Defendants, Count V fails. *E.g. Kurd v. Republic of Turkey*, 374 F. Supp.3d 37, 62 (D.D.C. 2019) ("A common goal, never discussed explicitly or implicitly among the Defendants, does not constitute an agreement" for purposes of Section 1985(3).).

*Third*, the plaintiffs must plead and prove that the alleged conspiracy was the result of "class-based, invidiously discriminatory animus." *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Abdi v. Brookhaven Sci. Assocs., LLC*, 447 F. Supp. 2d 221, 226-27 (E.D.N.Y. 2006) ("[T]he conspiracy must be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.") (citations omitted). Plaintiffs allege in conclusory fashion that Trinity acted with a "purpose to deprive Plaintiffs of their rights to the exercise of their religious beliefs and equal protection." Compl. ¶ 183. But Plaintiffs cite no facts to indicate that Trinity was motivated by animus in complying with the legal mandate imposed by New York state. Rather, as Plaintiffs admitted before the Court, Trinity's motivation was to comply with state law. *Transcript*, p. 16 ("We have the defendants here, prior to the rule change, all granting many of the plaintiffs here exemptions and accommodations only to revoke

them at the governor's rule change.").   As such, Plaintiffs simply cannot meet their high burden to afford them the drastic measure of injunctive relief against Trinity.

## III.    CONCLUSION

Plaintiffs have not carried their burden to warrant the issuance of a preliminary injunction as against Trinity. Accordingly, Trinity respectfully requests that this Court deny their request for extraordinary relief.

Date:    October 5, 2021
        Fairport, New York

*/s/ Jacqueline Phipps Polito*
Jacqueline Phipps Polito, Esq.
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY  14450
jpolito@littler.com
Tel. 585.203.3400

Attorneys for Defendant
  TRINITY HEALTH, INC.

4847-8011-0076

16