PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3096

WRITER'S DIRECT FACSIMILE
(212) 492-0096

WRITER'S DIRECT E-MAIL ADDRESS
lvelazquez@paulweiss.com

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT A. BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG

DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN POLLET*+
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

October 5, 2021

**By ECF**

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4G
Brooklyn, New York 11201

     *Does, et al.* v. *Hochul, et al.*, No. 1:21-cv-05067-AMD-TAM (E.D.N.Y.)

Dear Judge Donnelly:

   We represent defendant New York-Presbyterian ("NYP"). Pursuant to Rule 4.A of Your Honor's Individual Practices and Rules, we write to request a pre-motion conference concerning NYP's anticipated motion to dismiss under Rule 12(b)(6).

**Relevant Background**

   NYP is a premier academic healthcare system dedicated to providing the highest quality care and service to patients. In response to the worst public health crisis in our lifetimes, NYP instituted a mandatory COVID-19 vaccination policy for all employees, which included careful review and approval of medical and religious exemption requests. On August 26, 2021, New York State issued an emergency regulation mandating COVID-19 vaccinations for all

2

healthcare industry workers (the "DOH Mandate").  The DOH Mandate did not provide for exemptions on religious grounds.  In compliance with the DOH Mandate, NYP discontinued providing vaccination exemptions for religious reasons.

Plaintiffs—who have to date proceeded under pseudonyms—claim to be employees of New York area healthcare facilities, including NYP, who assert religious objections to receiving a COVID-19 vaccination.  They allege that the DOH Mandate is unconstitutional and have asserted claims against NYP and other private healthcare facilities for abiding by the mandate.  As to NYP, their complaint asserts three claims, for allegedly (i) violating Title VII of the Civil Rights Act of 1964; (ii) willfully disregarding the Supremacy Clause of the U.S. Constitution; and (iii) unlawfully conspiring with the State to violate plaintiffs' civil rights in violation of 42 U.S.C. § 1985.

**Plaintiffs' Complaint Should Be Dismissed**

None of plaintiffs' causes of action against NYP states a viable claim:

*Plaintiffs Have No Title VII Claim.*  Plaintiffs' Title VII claim—which alleges that NYP refused to grant religious exemption requests after the DOH Mandate was issued—fails as a matter of law for three independent reasons.

*First*, plaintiffs have failed to satisfy their obligation "to exhaust administrative remedies before filing suit in federal court."  *Fowlkes* v. *Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015).

*Second*, Title VII does not obligate an employer such as NYP to accommodate an employee's religious beliefs where doing so would require the employer to violate state law.  *See Lowman* v. *NVI LLC*, 821 F. App'x 29, 31–32 (2d Cir. 2020) (affirming dismissal of Title VII claim); *Cassano* v. *Carb*, 436 F.3d 74, 75 (2d Cir. 2006) (per curiam) (affirming dismissal of discrimination claim); *Yisrael* v. *Per Scholas, Inc.*, No. 01-CV-8290, 2004 WL 744485, at *3 (S.D.N.Y. Apr. 7, 2004) (no *prima facie* case where employee's religious belief conflicted "not with an employment requirement, but with federal law").  As the Ninth Circuit has stated, "an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal law or state law."  *Sutton* v. *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999) (dismissing Title VII claim).

*Third*, plaintiffs' Title VII claim fails because an accommodation of their alleged religious beliefs would impose an undue hardship by requiring NYP to violate the DOH Mandate.  *Sutton,* 192 F.3d at 831; *see also Bhatia* v. *Chevron U.S.A., Inc.*, 734 F.2d 1382, 1384 (9th Cir. 1984) (undue hardship precluded liability under Title VII where the religious accommodation sought would cause the employer to violate state health and safety standards).  NYP is not required by Title VII to face the severe penalties it could incur by failing to comply with the DOH Mandate, including potential revocation of its operating license.  *See* N.Y. Public Health Law § 2806.  Nor is NYP obligated to accommodate plaintiffs' religious objections at the cost of putting its patients and other employees at risk.  *Robinson* v. *Children's Hosp. Bos.*, No.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

14-CV-10263, 2016 WL 1337255, at *8 (D. Mass. Apr. 5, 2016) (holding that employer was not obligated to provide religious exemption to influenza vaccination mandate where doing so would "cause or increase safety risks or the risk of legal liability for the employer").

*Plaintiffs Have No "Supremacy Clause" Claim.* Plaintiff's Supremacy Clause claim is equally deficient. The Supremacy Clause is not "the source of any federal rights" but a "rule of decision" that courts should not give effect to state laws that conflict with federal law. *Armstrong* v. *Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324 (2015) (citing *Golden State Transit Corp.* v. *Los Angeles*, 493 U.S. 103, 107 (1989)). Because it "does not create a private right of action," plaintiffs cannot state a claim under the Supremacy Clause. *See Davis* v. *Shah*, 821 F.3d 231, 245 (2d Cir. 2016). And, because (as set forth above) Title VII neither requires NYP to violate nor conflicts with the DOH Mandate, a state health and safety regulation, plaintiffs' preemption arguments fail.

*Plaintiffs Have No Section 1985(3) Claim.* Finally, plaintiffs' Section 1985(3) conspiracy claim fails because they plead no plausible facts showing the existence of a conspiracy. Plaintiffs do not allege facts showing that NYP played any role whatsoever in the decision of State regulators to conceive of or adopt the DOH Mandate, much less that it "conspired" or entered into a "meeting of the minds" with the State to adopt it. *See, e.g.*, *Friends of Falun Gong* v. *Pac. Cultural Enter., Inc.*, 288 F. Supp. 2d 273, 279 (E.D.N.Y. 2003) (dismissing Section 1985(3) claim where "[p]laintiffs cite[d] no facts from which a meeting of the minds could be inferred"). Plaintiffs' conclusory assertion that the State and the private hospitals "reached an agreement" to exclude religious exemptions from the DOH Mandate (Compl. ¶ 181) has no factual support in the Complaint and is insufficient to state a claim under Section 1985(3). *Id.* Indeed, plaintiffs' conspiracy claim is rebutted by their allegations that NYP had included religious exemptions in its vaccination program, but adjusted its policy to comply with the DOH Mandate *after* it was enacted.

Plaintiffs' Section 1985(3) claim also fails because Plaintiffs allege no predicate constitutional violation. *Id*. (Section 1985(3) claim requires "some predicate constitutional right which the alleged conspiracy violates"). The Constitution does not prohibit states from imposing generally applicable vaccination laws to protect public health. *Jacobson* v. *Massachusetts*, 197 U.S. 11, 12 (1905). And the Free Exercise clause does not require religious exemptions to such generally applicable laws, even when medical exemptions are available. *Phillips* v. *City of New York*, 775 F.3d 538, 543 (2d Cir. 2015) ("mandatory vaccination as a condition for admission to school does not violate the Free Exercise Clause"); *see also Emp. Div*. v. *Smith*, 494 U.S. 872, 879 (1990) (identifying "compulsory vaccination laws" as among the type of neutral, generally applicable laws that do not require religious exemptions). As the Supreme Court long ago held, "The right to practice religion freely does not include liberty to expose the community . . . to communicable disease." *Prince* v. *Massachusetts*, 321 U.S. 158, 166-67 (1944).

\*   \*   \*

NYP appreciates the Court's consideration of this request for a pre-motion conference.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    4

                Respectfully submitted,

                */s/ Liza M. Velazquez*

                Liza M. Velazquez

cc: All counsel by ECF