

**Littler Mendelson P.C.**
375 Woodcliff Drive
Suite 2D
Fairport, NY 14450

Jacqueline Phipps Polito
585.203.3413 direct
585.203.3400 main
585.486.1774 fax
jpolito@littler.com

October 14, 2021

**VIA ECF**

Judge Ann Marie Donnelly
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Does et al v. Hochul et al.*; Case 1:21-cv-05067-AMD-TAM

Dear Judge Donnelly:

Our office represents Defendant, Trinity Health, Inc. ("Trinity") in the above-referenced matter. Please accept this letter as Trinity's response to Your Honor's Minute Entry Scheduling Order Request on October 12, 2021 with respect to Plaintiffs' pending Motion for Preliminary Injunction. For the reasons set forth below, Trinity agrees that Plaintiffs' pending Motion for Preliminary Injunction (Dkt. 2) is now moot in light of the Honorable David Hurd's decision in *Dr. A. v. Hochul*, 21-cv-1009 (N.D.N.Y Oct. 12, 2021).

As noted by the Honorable Eric Komittee in his September 14, 2021 Order, Judge Hurd previously awarded plaintiffs in *Dr. A* case "the same relief that Plaintiffs seek here – namely, a TRO enjoining the State of New York from enforcing the New York State Department of Health's August 26, 2021 regulation entitled 'Prevention of COVID-19 transmission by covered entities,' N.Y. Comp. Codes R. & Regs., tit. 10, §2.61." (Dkt. 35). Judge Komittee goes onto note that, in light of this ruling, the Plaintiffs' motion for TRO in this matter "is now moot." *Id.* Judge Komittee further comments that, even though the *Dr. A.* case did not involve private defendants, the "difference does not affect the justiciability issue." Rather, Judge Komittee aptly notes that "it is not obvious that Plaintiffs are even seeking relief against the private defendants in the instant motion…" and "[e]ven if Plaintiffs were seeking to enjoin the private defendants, those requests would be moot now as well." *Id.* Judge Komittee's opinion goes on to note that "[t]he factual predicate for Plaintiffs' claims against the private defendants is the fear that the hospitals would deny religious exemptions and terminate Plaintiffs because of the compulsion arising from the New York State rule… [b]ut the state rule is not currently enforceable, given the Northern District order." *Id.*

Judge Ann Marie Donnelly
October 5, 2021
Page 2

Similar to Judge Hurd's TRO, Judge Hurd's decision to grant preliminary injunction likewise moots Plaintiffs' Motion for Preliminary Injunction before Your Honor. In his October 12, 2021 Order, Judge Hurd enjoined New York State from "enforcing, threatening to enforce, attempting to enforce, or otherwise requiring compliance with § 2.61". *Dr. A.*, 21-cv-1009 (N.D.N.Y October 12, 2021). The Honorable David Hurd goes on to note that the Department of Health is barred from enforcing this requirement ***against private employers***; is barred from interfering with the granting of religious exemptions; and is barred from taking any action, disciplinary or otherwise "against the licensure, certification, residency, admitting privileges or other professional status or qualification of any of the plaintiffs on the account of their seeking or having obtained a religious exemption." *Id.*

In this matter, Plaintiffs seek the same injunctive relief against the State as did the plaintiffs in *Dr. A.* Judge Hurd's October 12, 2021 moots Plaintiffs' claims against the State in this matter. As for the private defendants (and as Judge Komittee noted), it is not even clear that Plaintiffs in this matter are even seeking injunctive relief against the private defendants. (Dkt. 35). However, to the extent it can be inferred, any injunctive requests against the private defendants are likewise moot. For example, as against Trinity, the only party in the Complaint that specifies a claim against Trinity is Jane Doe 3. She alleges that she is a healthcare worker employed at Trinity, that she was initially approved for a religious exemption from receiving a COVID-19 vaccine, that her religious exemption was revoked on September 1, 2021 and that the revocation was a result of Trinity complying with state law. *See* Complaint, ¶¶ 90-93. In other words, Plaintiffs' Complaint makes it clear that any allegations premised against Trinity is based upon Trinity changing its practices in accommodating Jane Doe 3 <u>based upon state law</u>. However, the state law is now currently unenforceable, *Dr. A.*, 21-cv-1009 (N.D.N.Y October 12, 2021), and Plaintiffs make no claims in either their Complaint or Motion for Injunctive Relief that suggest any other relief is necessary, let alone warranted. Accordingly, since the single "factual predicate" for Plaintiffs' claims against Trinity and the other private defendants is no longer in effect, Plaintiffs' Motion for Preliminary Injunction is now moot.

Should the Court find that Plaintiffs' Motion for Preliminary Injunction is not moot as to private defendants, Trinity would note that "Plaintiffs have not established a likelihood that the private defendants will cause irreparable harm absent injunctive relief" (Dkt. 35) and Plaintiffs likewise did not plead any new facts in their reply brief that suggest otherwise. (Dkt. 57).

Alternatively, Trinity would request that Your Honor hold Plaintiffs' pending Motion for Preliminary Injunction in abeyance pending Second Circuit decisions in the *Dr. A.* litigation, as well as the matter of *We The Patriots v. Hochul*. In both cases, the plaintiffs challenge the New York State Department of Health's regulation requiring medical personnel to be vaccinated against COVID-19 and precludes granting of exemptions on religious grounds. Oral argument in the *We The Patriots* litigation was adjourned after New York State announced it would appeal Judge Hurd's Order in the *Dr. A.* matter. *See* Order, *We The Patriots v. Hochul*, No. 21-2179 (2d Cir. Oct. 13, 2021). Decisions in these matters are likely to provide guidance to this Court when

Judge Ann Marie Donnelly
October 5, 2021
Page 3

addressing Plaintiffs' Motion for Preliminary Injunction, would promote judicial economy, and conserve the resources of the parties.

More importantly, Plaintiffs will not be prejudiced if Your Honor held Plaintiffs' pending Motion for Preliminary Injunction in abeyance. As noted above, the State is enjoined from enforcing the Department of Health Regulation at issue to the extent it precludes religious exemptions. *See*, *Dr. A.*, 21-cv-1009 (N.D.N.Y October 12, 2021). Trinity intends to continue to comply with the applicable law (as it has always done) and therefore there is no basis inferring any prejudice against Plaintiffs to deferring a decision on Plaintiffs' Motion for Injunctive Relief.

We thank the Court for its attention and consideration in this matter.

Respectfully Submitted,

Littler Mendelson, P.C.

*/s/ Jacqueline Phipps Polito*

Jacqueline Phipps Polito

cc:   All Counsel of Record (via ECF)

4817-8035-8909