**GARFUNKEL WILD, P.C.**
ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

**MARC A. SITTENREICH**
Senior Attorney
Licensed in NY, NJ
Email: msittenreich@garfunkelwild.com
Direct Dial: (516) 393-2533

FILE NO.: 12118.0109

October 14, 2021

**By ECF**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *John Does et al. v. Kathy Hochul et al.*
Docket No. 21 Civ. 5067 (AMD) (TAM)

Dear Judge Donnelly:

We represent Defendant Westchester Medical Center Advanced Physician Services, P.C. ("APS") in the referenced action. We write pursuant to Your Honor's Order, dated October 12, 2021, which directed the parties to advise whether the preliminary injunction granted by Judge Hurd in *Dr. A v. Hochul*, No. 21 Civ. 1009 (N.D.N.Y. Oct. 12, 2021) renders Plaintiffs' motion for a preliminary injunction in this action moot. APS respectfully submits that it does.

As explained in its opposition to Plaintiffs' motion (ECF Dkt. Nos. 51-52), APS intends to follow the requirements of state law, as modified by the injunction, and Title VII with respect to its employees' requests for religious exemptions to the New York State COVID-19 vaccine mandate for health care workers (10 N.Y.C.R.R. § 2.61). The injunction at issue has been in place since September 14, 2021, when Judge Hurd issued a statewide Temporary Restraining Order enjoining the mandate to the extent that it prohibits employers from granting religious exemptions. *See Dr. A. v. Hochul*, No. 21 Civ. 1009 (N.D.N.Y. Sept. 14, 2021). As a direct result of Judge Hurd's Order, APS began considering and processing religious exemption requests from its employees. In his October 12, 2021 Memorandum-Decision and Order, Judge Hurd extended the statewide injunction pending the duration of the *Dr. A* lawsuit or until further guidance is issued from the Second Circuit.

In denying Plaintiffs' motion for a temporary restraining order, Judge Komitee correctly held that Plaintiffs' request for interim relief against APS and the other Defendant employers was moot in light of Judge Hurd's Temporary Restraining Order. *See* ECF Dkt. No. 35, p. 3 n.2. This is because "the factual predicate for Plaintiffs' claims against [APS and the other Defendant employers] is the fear that the hospitals would deny religious exemptions and terminate Plaintiffs because of the compulsion arising from the New York State rule." *Id.* As Judge Hurd has now

granted a preliminary injunction – and APS is presently considering and processing religious exemption requests from its employees in accordance with applicable law – Plaintiffs have no need for any emergency relief from this Court.

Moreover, Judge Komitee properly held that "Plaintiffs have not established a likelihood that the private defendants will cause irreparable harm absent injunctive relief." *Id.*, p. 3 n.2 (citing *Sampson v. Murray*, 415 U.S. 61, 90-92 (1974)). As APS explained in its opposition papers, there is no basis for the Court to depart from Judge Komitee's sound determination. Indeed, the Second Circuit has held that "the requisite irreparable harm is not established in employee discharge cases by financial distress or inability to find other employment, unless truly extraordinary circumstances are shown." *Holt v. Cont'l Group, Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983). "In essence the plaintiff must quite literally find herself being forced into the streets or facing the specter of bankruptcy before a court can enter a finding of irreparable harm." *Williams v. State Univ. of New York*, 635 F. Supp. 1243, 1248 (E.D.N.Y. 1986); *see Pollis v. New Sch. for Soc. Rsch.*, 829 F. Supp. 584, 591 (S.D.N.Y. 1993). Given Plaintiffs' wholesale failure to allege any details regarding the harm that they would face in the event that they are terminated, Plaintiffs clearly cannot meet this high standard.

Accordingly, we respectfully request that the Court deny Plaintiffs' motion for a preliminary injunction as moot without the need for a hearing.[1]

Respectfully submitted,

*/s/ Marc A. Sittenreich*

Marc A. Sittenreich

cc: All Counsel of Record

[1] In the event that the Court moves forward with the hearing presently scheduled for October 19, 2021, APS intends to appear and participate in any oral argument.