**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOHN DOES 1–2, JANE DOES 1–3, JACK DOES
1–750, JOAN DOES 1–750,

                             Plaintiffs,

                    - v. -

KATHY HOCHUL, in her official capacity as
Governor of the State of New York, HOWARD A.
ZUCKER, in his official capacity as Commissioner of
the New York State Department of Health, TRINITY
HEALTH, INC., NEW YORK-PRESBYTERIAN
HEALTHCARE SYSTEM, INC., WESTCHESTER
MEDICAL CENTER ADVANCED PHYSICIAN
SERVICES, P.C.,

                            Defendants.

Case No. 1:21-cv-05067

**DEFENDANT NEWYORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO PROCEED USING PSEUDONYMS**
**<u>AND FOR A PROTECTIVE ORDER</u>**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064

*Attorneys for Defendant NewYork-Presbyterian*
*Healthcare System, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS RELEVANT TO THIS MOTION...................................................... 3

ARGUMENT............................................................................................................................. 4

I. Plaintiffs Cannot Meet the Exacting Burden of Demonstrating That
Exceptional Circumstances Exist Justifying Anonymous Treatment................................. 4

    A. This Litigation Does Not Involve Highly Sensitive or Personal Matters
(*Sealed Plaintiff* Factor 1) ..................................................................................... 6

    B. Plaintiffs' Allegations Regarding Risk and Severity of Harm Are
Speculative and Unsupported (*Sealed Plaintiff* Factors 2 and 3) ........................... 8

    C. Plaintiffs' Suit Challenges the Actions of NYP, a Private Employer
with Significant Interest in Maintaining Its Reputation (*Sealed Plaintiff*
Factor 5) ................................................................................................................. 11

    D. NYP Will Be Prejudiced If Plaintiffs Are Permitted to Proceed
Anonymously Beyond the Preliminary Injunction Phase (*Sealed
Plaintiff* Factor 6) ................................................................................................. 12

    E. Public Interest Weighs In Favor of Disclosure of Plaintiffs' Identity
(*Sealed Plaintiff* Factors 8 and 9) ......................................................................... 13

CONCLUSION........................................................................................................................ 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B.* v. *Hofstra Univ.*,
No. 17-cv-5562, 2018 WL 1935986 (E.D.N.Y. Apr. 24, 2018)..............................................12

*Beckerich* v. *Saint Elizabeth Med. Ctr., Inc.*,
No. 2:21-cv-00105 (E.D. Ky.) .................................................................................................10

*Bridges* v. *Houston Methodist Hosp.*,
No. 21-CV-1774, 2021 WL 2399994 (S.D. Tex. June 12, 2021)..............................................7

*Burcham* v. *City of Los Angeles*,
No. 2:21-cv-07296 (C.D. Cal.) ...............................................................................................10

*Chavis* v. *Wal-Mart Stores, Inc.*,
265 F. Supp. 3d 391 (S.D.N.Y. 2017).......................................................................................8

*Cleary* v. *Inslee*,
No. 21-2-00411-36 (Wash. Super. Ct.).....................................................................................11

*Coronado* v. *Great Performances Artists as Waitress Inc.*,
No. 712784/2021 (N.Y. Sup. Ct. Queens Cnty.) .....................................................................11

*Crawford* v. *Trader Joe's Co.*,
No. 5:21-cv-01519 (C.D. Cal.) ...............................................................................................10

*Dahl* v. *Bd. of Trs. of W. Mich. Univ.*,
No. 1:21-cv-00757 (W.D. Mich.) ............................................................................................10

*Doe* v. *Barrow County*,
219 F.R.D. 189 (N.D. Ga. 2003)................................................................................................8

*Doe* v. *Del Rio*,
241 F.R.D. 154 (S.D.N.Y. 2006) ...................................................................................4, 7, 13

*Doe* v. *Franklin Bank, SSB*,
No. A-08-CA-293 LY, 2008 WL 11334179 (W.D. Tex. Sept. 3, 2009)...................................8

*Doe* v. *McLellan*,
No. 20-cv-5997, 2020 WL 7321377 (E.D.N.Y. Dec. 10, 2020)........................................9, 10

*Doe* v. *Porter*,
370 F.3d 558 (6th Cir. 2004) .....................................................................................................7

*Doe* v. *Princeton Univ.*,
No. 19-cv-7853, 2019 WL 5587327 (D.N.J. Oct. 30, 2019) ...................................................10

**Page(s)**

*Doe* v. *Raimondo*,
No. 21-MC-27 (D.D.C. Oct. 14, 2021)...................................................................................9

*Doe* v. *Shakur*,
164 F.R.D. 359 (S.D.N.Y. 1996) ..........................................................................................12

*Doe* v. *Skyline Automobiles Inc.*,
375 F. Supp. 3d 401 (S.D.N.Y. 2019)........................................................................ *passim*

*Doe* v. *Stegall*,
653 F.2d 180 (5th Cir. 1981) .........................................................................................4, 8, 10

*Doe* v. *Weinstein*,
484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) ...........................................................................2, 4

*Doe* v. *Temple Univ.*,
No. 14-cv-4729, 2014 WL 4375613 (E.D. Pa. Sept. 3, 2014)...................................................9

*Dr. A* v. *Hochul*,
No. 21-2566 (2d Cir. 2021)....................................................................................................1

*Dr. A* v. *Hochul*,
No. 1:21-cv-1009, 2021 WL 4189533 (N.D.N.Y. Sept. 14, 2021)..........................................4

*Free Mkt. Comp.* v. *Commodity Exch., Inc.*,
98 F.R.D. 311 (S.D.N.Y. 1983) ........................................................................................4, 9

*Freedom From Religion Found., Inc.* v. *Emanuel Cnty. Sch. Sys.*,
109 F. Supp. 3d 1353 (S.D. Ga. 2015)...................................................................................8

*Gilmore* v. *Hochul*,
No. 1:21-cv-01035 (N.D.N.Y.).............................................................................................11

*Guerrilla Girls, Inc.* v. *Kaz*,
224 F.R.D. 571 (S.D.N.Y. 2004) .....................................................................................5, 8, 9

*Harris* v. *Univ. of Mass. Lowell*,
No. 1:21-cv-11244 (D. Mass.) .............................................................................................11

*Kane* v. *de Blasio*,
No. 1:21-cv-07863 (S.D.N.Y.).............................................................................................11

*Khanthaphixay* v. *Loyola Marymount Univ.*,
No. 2:21-cv-06000 (C.D. Cal.) ............................................................................................11

*LaBarbera* v. *NYU Winthrop Hosp.*,
No. 2:18-CV-6737, 2021 WL 980873 (E.D.N.Y. Mar. 16, 2021)............................................7

**Page(s)**

*Magliulo* v. *Edward Via Coll. of Osteopathic Med.*,
No. 3:21-cv-02304 (W.D. La.)................................................................11

*Michael* v. *Bloomberg L.P.*,
No. 14-cv-2657, 2015 WL 585592 (S.D.N.Y. Feb. 11, 2015) ...............................13

*N. Jersey Media Grp. Inc.* v. *Doe Nos. 1-5*,
No. 12-cv-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012)....................................*passim*

*Pelekai* v. *Hawai'i*,
No. 1:21-cv-00343 (D. Haw.) ................................................................11

*Raiser* v. *BYU*,
127 F. App'x 409 (10th Cir. 2005) ..........................................................5

*Ramaekers* v. *Creighton Univ.*,
No. CI21-8808 (Neb. Dist. Ct.)..............................................................11

*Robinson* v. *Children's Hosp. Boston*,
No. 14-CV-10263, 2016 WL 1337255 (D. Mass. Apr. 5, 2016) ..............................7

*Roe* v. *Catholic Health Initiatives Colorado*,
No. 11-cv-2179, 2012 WL 12840 (D. Colo. Jan. 4, 2012) .......................................7

*S. Methodist Univ. Ass'n of Women L. Students* v. *Wynne & Jaffe*,
599 F.2d 707 (5th Cir. 1979) ...............................................................6

*Sealed Plaintiff* v. *Sealed Defendant*,
537 F.3d 185 (2d Cir. 2008)...................................................... *passim*

*We The Patriots USA, Inc.* v. *Hochul*,
No. 21-2179 (2d Cir. 2021)..................................................................1

*We The Patriots USA, Inc.* v. *Hochul*,
No. 1:21-cv-04954 (E.D.N.Y.) ...............................................................11

*White* v. *Andy Frain Servs., Inc.*,
629 F. App'x 131 (2d Cir. 2015) .............................................................8

**Statutes and Rules**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ................................. *passim*

Fed. R. Civ. P. 10(a) ...............................................................2, 4

Defendant NewYork-Presbyterian Healthcare System, Inc. ("NYP") respectfully submits this memorandum of law in opposition to plaintiffs' motion to proceed using pseudonyms and for a protective order to the extent plaintiffs seek permission to proceed pseudonymously beyond any preliminary injunction proceedings in this matter.

## PRELIMINARY STATEMENT

Plaintiffs, purported employees of NYP and the other private employer defendants, have brought this lawsuit challenging the emergency regulation issued by the New York State Department of Health requiring healthcare workers to be vaccinated for COVID-19 (the "DOH Mandate") to the extent that the State regulation does not provide for religious exemptions. Plaintiffs' primary claim against NYP and the other private employer defendants is for religious discrimination under Title VII of the Civil Rights Act of 1964. Plaintiffs have moved for a preliminary injunction asking the Court to order NYP and the private employer defendants to provide religious exemptions from the DOH vaccination requirement, notwithstanding the DOH Mandate. Plaintiffs' preliminary injunction motion is currently being held in abeyance pending a decision by the Second Circuit in *Dr. A* v. *Hochul*, No. 21-2566 (2d Cir. 2021), which was consolidated on appeal with *We The Patriots* v. *Hochul*, No. 21-2179 (2d Cir. 2021). *See* Scheduling Order dated Oct. 18, 2021. On October 29, the Second Circuit vacated the District Court's order granting a preliminary injunction in *Dr. A*, affirmed the District Court's order denying a preliminary injunction in *We The Patriots*, and remanded those cases for further proceedings consistent with the October 29 Order and a forthcoming opinion from the Second Circuit. *See* Order, Nos. 21-2179, 21-2566 (2d Cir. Oct. 29, 2021).

Although NYP is amenable to deferring disclosure of plaintiffs' identities until after any preliminary injunction proceedings in this matter, plaintiffs' motion to proceed pseudonymously and for a protective order during the remainder of the litigation should be denied because

plaintiffs have failed to meet the exacting burden required to overcome the strong presumption in favor of open and transparent judicial proceedings.

As the Second Circuit has recognized, the requirement that the title of a complaint name "all the parties," Fed. R. Civ. P. 10(a), "serves the vital purpose of facilitating public scrutiny of judicial proceedings . . . [and therefore] cannot be set aside lightly." *Doe* v. *Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (quoting *Sealed Plaintiff* v. *Sealed Defendant*, 537 F.3d 187, 188–89 (2d Cir. 2008)). Thus, the presumption against anonymity may be overcome only in exceptional cases dealing with matters of the utmost intimacy.

This is not such a case. Plaintiffs are bringing employment claims based on their religious objection to vaccination requirements. Courts routinely require plaintiffs asserting claims under Title VII to disclose their identities. Plaintiffs' claims do not involve uniquely sensitive or personal information of the type that has been found to justify allowing a litigant to bring claims under a pseudonym. Also, plaintiffs' professed concern regarding the potential risk of reprisal and retaliation is unsupported by evidence of any such risk to themselves. Indeed, numerous other plaintiffs across the country have filed cases challenging COVID-19 vaccination requirements, including on religious grounds, *using their names*. There is no reason why plaintiffs cannot do so here.

In contrast, NYP has a substantial interest in defending against plaintiffs' claims and maintaining its good name and reputation. Courts have recognized that permitting plaintiffs to make accusations anonymously puts a private defendant at serious disadvantage. Moreover, permitting plaintiffs to proceed by pseudonym would, wrongly and without basis, suggest that plaintiffs are at risk of retaliation from NYP and the other private employer defendants. The matters of public concern raised by plaintiffs' claims only further strengthen the public interest in

open judicial proceedings.  Because plaintiffs show no special circumstances demonstrating that this is an exceptional case justifying anonymity, their motion should be denied.

## STATEMENT OF FACTS RELEVANT TO THIS MOTION

On September 10, 2021, plaintiffs commenced this lawsuit against NYP, Trinity Health, Inc., Westchester Medical Center Advanced Physician Services, P.C. (collectively, the "private employer defendants"), Governor Kathy Hochul, and Commissioner Howard A. Zucker, asserting claims under Title VII, 42 U.S.C. § 1985(3), the Free Exercise Clause, the Equal Protection Clause, and the Supremacy Clause.  *See* ECF 1 ("Compl.") ¶¶ 119–90.

The Complaint identifies plaintiffs by Doe pseudonyms, and provides only highly generalized allegations about their employment circumstances.  Plaintiffs John Doe 2 and Jane Doe 1 allege that they are NYP employees who received religious exemptions that were revoked after the New York State Department of Health adopted a rule requiring all healthcare employees, other than those medically exempted, to be vaccinated against COVID-19.  *Id*. ¶¶ 11–12, 81–87.  Plaintiffs Jack Does 501–750 and Joan Does 501–750 are also alleged to be NYP employees who, "based upon their sincerely held religious beliefs," "seek exemption or accommodation" from the DOH Mandate.  *Id*. ¶¶ 19–20.  (The Complaint does not make clear whether any of these hundreds of purported John or Jane Does are real persons represented by plaintiffs' counsel, or, instead, whether these allegations simply reflect an effort by plaintiffs to make it appear that their objections to vaccination are shared by large numbers of other NYP employees.)  Plaintiffs did not seek, and were not granted, leave from the Court to proceed using pseudonyms prior to filing the Complaint.

On September 14, 2021, in his order denying plaintiffs' TRO application, Judge Komitee directed that "[i]f Plaintiffs wish to proceed anonymously with this action, they must file (under

seal) a motion that states the reasons why the Court should permit them to do so." ECF 35 at 3.[1]

Plaintiffs filed this motion on October 1, 2021. *See* ECF 41 ("Mem.").

## ARGUMENT

**I.     Plaintiffs Cannot Meet the Exacting Burden of Demonstrating That Exceptional Circumstances Exist Justifying Anonymous Treatment**

Under Federal Rule of Civil Procedure 10(a), "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and therefore "cannot be set aside lightly." *Weinstein*, 484 F. Supp. 3d at 93 (quoting *Sealed Plaintiff*, 537 F.3d at 189). As one district court has explained, the "obvious intention" of this rule is to "apprise the parties of their opponents" and to "protect the public's legitimate interest in knowing the pertinent facts" surrounding court proceedings which includes "the identity of the parties." *Free Mkt. Comp.* v. *Commodity Exch., Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y. 1983). Public access to a plaintiff's identity "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe* v. *Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 580 & n.17 (1980)).

In light of these important considerations weighing in favor of transparency, there is a "presumption against anonymous or pseudonymous pleading," *Doe* v. *Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006), and plaintiffs seeking to proceed using pseudonyms must satisfy an

---

[1]     Judge Komitee denied plaintiffs' TRO application as moot in light of a September 14, 2021 order issued in a separate action by Judge Hurd of the Northern District of New York, which temporarily restrained the enforcement of the DOH Mandate statewide to the extent it required employers to deny religious exemptions or revoke those previously granted. *Dr. A* v. *Hochul*, No. 1:21-cv-1009, 2021 WL 4189533 (N.D.N.Y. Sept. 14, 2021).

"exacting" burden, *Doe* v. *Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 403 (S.D.N.Y. 2019).

The presumption against anonymity may be overcome only in "exceptional cases" or "special circumstances" dealing with matters of the "utmost intimacy." *Guerrilla Girls, Inc.* v. *Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) (citations omitted); *see Raiser* v. *BYU*, 127 F. App'x 409, 410–11 (10th Cir. 2005) (use of pseudonyms allowed in exceptional circumstances).

In assessing whether a plaintiff may proceed under a pseudonym, the Second Circuit has mandated that courts balance the plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189. To make such an assessment, courts consider the following non-exhaustive factors:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature" . . . (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," . . . (3) whether identification presents other harms and the likely severity of those harms, . . . including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," . . . (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure. . . . particularly in light of his age. . . (5) whether the suit is challenging the actions of the government or that of private parties, . . . (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, . . . (7) whether the plaintiff's identity has thus far been kept confidential, . . . (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, . . . (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," . . . and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (citations omitted).

The *Sealed Plaintiff* factors weigh against anonymity here, or are, at most, neutral.

**A.    This Litigation Does Not Involve Highly Sensitive or Personal Matters (*Sealed Plaintiff* Factor 1)**

Plaintiffs fail to satisfy the first *Sealed Plaintiff* factor because the fact that plaintiffs have sought a religious exemption from vaccination against COVID-19 is not sufficiently sensitive or personal to overcome the presumption of open judicial proceedings.

Courts routinely require Title VII plaintiffs to disclose their identity under the *Sealed Plaintiff* test even where employees allege that the underlying facts of their discrimination claims are sensitive and personal. *E.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408 (denying motion to proceed anonymously in Title VII case, notwithstanding finding that plaintiff's "allegations of sexual assault, sexual harassment, and discrimination [we]re highly sensitive and of a personal nature"). "[T]he language of Title VII establishes no exception to the general principle that the identity of the parties to a lawsuit should not be concealed." *S. Methodist Univ. Ass'n of Women L. Students* v. *Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (citation omitted).

Contrary to plaintiffs' suggestion, the issues in this case do not involve sensitive medical information or medical history. As plaintiffs acknowledge, they have commenced this litigation "solely to challenge the denial of a *religious* accommodation for . . . their decision . . . [to] declin[e] a COVID-19 vaccine on *religious* grounds." Mem. at 4 (emphasis added). The fact that plaintiffs requested a religious exemption from vaccination, or that they were denied such requests simply does not involve any issues relating to "medical history," "medical conditions," or "medical treatment." *See* Mem. at 4–6.

Moreover, even if plaintiffs' vaccination status constitutes medical information, it is not sufficiently sensitive to justify proceeding under pseudonym. Plaintiffs often commence litigation using their names to challenge vaccination requirements, thereby implicitly revealing

their vaccination status. *E.g.*, *Bridges* v. *Houston Methodist Hosp.*, No. 21-CV-1774, 2021 WL

2399994 (S.D. Tex. June 12, 2021); *LaBarbera* v. *NYU Winthrop Hosp.*, No. 2:18-CV-6737,

2021 WL 980873 (E.D.N.Y. Mar. 16, 2021); *Robinson* v. *Children's Hosp. Boston*, No. 14-CV-

10263, 2016 WL 1337255 (D. Mass. Apr. 5, 2016).  Plaintiffs here cite no case law to support

their claim that their vaccination status is sufficiently sensitive, and instead rely on

distinguishable cases where courts have deemed plaintiffs' pregnancy decisions, mental health

conditions, and HIV-positive status to be sensitive medical information that may weigh in favor

of anonymity.  Mot. at 4–6.[2]  Plaintiffs' emphasis on *Roe* v. *Catholic Health Initiatives*

*Colorado*, No. 11-cv-2179, 2012 WL 12840 (D. Colo. Jan. 4, 2012), is similarly misplaced.

There, the court reasoned that proceeding under a pseudonym was warranted where holding

otherwise would paradoxically require the plaintiff to disclose the confidential and private

medical information related to her disability that was the subject of the plaintiff's medical

privacy claim against the defendant.  *Id.* at *1, *4–5.  *Catholic Health Initiatives* thus has no

bearing on plaintiffs' motion.

Plaintiffs' contention that their religious beliefs are sufficiently sensitive and personal is

also unavailing.  To support their argument, plaintiffs rely solely on out-of-circuit cases against

government defendants concerning challenges to government activity, namely prayer and Bible

teaching in public schools as well as a display of the Ten Commandments outside of a county

courthouse, where plaintiffs' identities and religious beliefs were irrelevant to the court's

determination of the substantive constitutional claims.  *See Doe* v. *Porter*, 370 F.3d 558, 559

---

[2]    Some of the cases on which Plaintiffs rely are distinguishable for the additional reason that
      they involve litigation solely against government defendants where the plaintiffs' identities
      were inconsequential.  *See* Mem. 4–5 (citing *Roe* v. *Wade*, 410 U.S. 113 (1973); *Doe* v.
      *Bolton*, 410 U.S. 179 (1973); and *Del Rio*, 241 F.R.D. at 158).

(6th Cir. 2004); *Stegall*, 653 F.2d at 181; *Doe* v. *Barrow County*, 219 F.R.D. 189, 190 (N.D. Ga. 2003).[3] Plaintiffs cite no authority in the Title VII context, much less any Second Circuit authority, on this issue, *see* Mem. at 6–7, and NYP has identified no such cases. To the contrary, Title VII plaintiffs claiming religious discrimination routinely proceed under their names. *E.g.*, *White* v. *Andy Frain Servs., Inc.*, 629 F. App'x 131 (2d Cir. 2015); *Chavis* v. *Wal-Mart Stores, Inc.*, 265 F. Supp. 3d 391 (S.D.N.Y. 2017). "While religion is certainly an individual matter of conscience . . . , it is generally practiced openly and communally" and thus is not "a matter of such sensitivity as to automatically entitle the plaintiff to Doe status." *Freedom From Religion Found., Inc.* v. *Emanuel Cnty. Sch. Sys.*, 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) (emphasis and citation omitted).

In short, plaintiffs' alleged religious objections to vaccination against COVID-19 do not qualify as "matters of the utmost intimacy" that may overcome the presumption against anonymity. *Guerrilla Girls, Inc.*, 224 F.R.D. at 573.

**B.     Plaintiffs' Allegations Regarding Risk and Severity of Harm Are Speculative and Unsupported (*Sealed Plaintiff* Factors 2 and 3)**

Plaintiffs' allegations regarding potential reprisal and retaliation are speculative and undermined by the facts in the record. Plaintiffs, through their counsel, allege that they fear (1) "retribution, reprisal, and ostracization" based on media articles and stories containing

---

[3]   Plaintiffs also cite *Doe* v. *Franklin Bank, SSB*, No. A-08-CA-293 LY, 2008 WL 11334179 (W.D. Tex. Sept. 3, 2008), as further support for their contention that "proceeding under a pseudonym is appropriate when a plaintiff's religious convictions are at issue." Mem. at 7. But that case did not implicate the plaintiff's religious beliefs at all. There, the court recommended granting the plaintiff's motion to proceed pseudonymously because the case concerned matters of plaintiff's personal health that were "significant" and "sensitive," as demonstrated by plaintiff's employer's attempts to harass and ostracize him upon learning of his medical information. *Id.* at *2, *4. Plaintiffs here allege neither sensitive health information, *see supra*, nor harassment by NYP. Nor could they.

threats, ECF 41-1 ("Schmid Decl.") ¶¶ 5, 6; (2) impact on "their future abilities to obtain

employment in New York" due to stigma, *id.* ¶ 10; and (3) retaliation from the public and their

employers, Mem. at 10. Plaintiffs further allege that they would not pursue their claims "if

required to disclose their personal identities to the public." Schmid Decl. ¶ 11.

Courts have repeatedly held that a plaintiff's "desire to avoid professional embarrassment

and economic loss is insufficient to permit him to appear without disclosing his identity."

*Free Mkt. Comp*, 98 F.R.D at 313; *see Guerrilla Girls, Inc.*, 224 F.R.D. at 573 ("Courts should

not permit parties to proceed pseudonymously just to protect the parties' professional or

economic life." (citation omitted)). Plaintiffs' allegations regarding stigma, potential impact on

future employment, or economic injury therefore do not entitle them to shield their identity.

Plaintiffs' contention that they would not pursue their claims if required to disclose their

identities is similarly unavailing. "[N]o matter how sincere, a plaintiff's 'refusal to litigate

openly by itself cannot outweigh the public's interest in open trials.'" *Doe* v. *Temple Univ.*, No.

14-cv-4729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014) (quoting *Doe* v. *Megless*, 654

F.3d 404, 410–11 (3d Cir. 2011)).

To the extent plaintiffs allege risks of physical or mental harm arising from potential

retaliation from NYP or the public, such allegations are too speculative to satisfy plaintiffs'

burden. Speculative and generalized allegations about risks of harm are "insufficient to bolster a

request for anonymity." *Doe* v. *McLellan*, No. 20-cv-5997, 2020 WL 7321377, at *2 (E.D.N.Y.

Dec. 10, 2020); *see* Memorandum and Order, *Doe* v. *Raimondo*, No. 21-MC-27 (D.D.C. Oct. 14,

2021), ECF 1 at 9–10 (denying plaintiffs' motion to proceed under pseudonym in APA challenge

to COVID-19 vaccination requirement for federal employees because plaintiffs' speculative

"concern about a threat of retaliatory harm is insufficient to overcome the strong public interest

9

in transparent judicial proceedings"). Instead, a party seeking to proceed under pseudonym must demonstrate that their fears are "well-founded," *Doe* v. *Princeton Univ.*, No. 19-cv-7853, 2019 WL 5587327, at *4 (D.N.J. Oct. 30, 2019), by providing "evidence of the severity or likelihood of retaliation or any physical or mental harm." *McLellan*, 2020 WL 7321377, at *2; *see N. Jersey Media Grp. Inc.* v. *Doe Nos. 1-5*, No. 12-cv-6152, 2012 WL 5899331, at *6 (S.D.N.Y. Nov. 26, 2012) (failure to provide declaration or other evidence to support risk of alleged retaliatory physical or mental harm "militates against" granting motion to proceed pseudonymously); *cf. Stegall*, 653 F.2d at 182 n.6 & 186 (reversing denial of motion to proceed anonymously where plaintiffs submitted news clippings about their lawsuit where community members stated, among other things, that "Christians must beat the evil out of" plaintiffs).

While plaintiffs cite to "a sampling of community comments from news articles about similar challenges to vaccination mandates," remarks by individual news commentators, and a statement from Governor Hochul as evidence for such risks, they are insufficient to substantiate plaintiffs' allegations about risks of alleged harm or the severity of such harm. Mem. at 10–11. Although some of the statements certainly are critical of unvaccinated individuals, none constitutes a threat of harm to plaintiffs. *See N. Jersey Media Grp.*, 2012 WL 5899331, at *6 (failure to put forth evidence that party wishing to proceed pseudonymously would be exposed to a risk of retaliatory physical or mental harm militates against granting request to proceed under pseudonym). Moreover, plaintiffs across the country have challenged COVID-19 vaccination requirements, including on religious grounds,[4] and plaintiffs have not submitted any evidence that those plaintiffs have experienced the potential harms claimed here.

---

[4]    *See, e.g.*, *Beckerich* v. *Saint Elizabeth Med. Ctr., Inc.*, No. 2:21-cv-00105 (E.D. Ky.); *Burcham* v. *City of Los Angeles*, No. 2:21-cv-07296 (C.D. Cal.); *Crawford* v. *Trader Joe's Co.*, No. 5:21-cv-01519 (C.D. Cal.); *Dahl* v. *Bd. of Trs. of W. Mich. Univ.*, No. 1:21-cv-

Any suggestion that NYP would retaliate against plaintiffs if their identities were disclosed is belied by the undisputed facts. NYP has created and implemented a robust process of accepting and reviewing religious exemption requests from its employees. In June 2021, when NYP instituted its COVID-19 vaccination program, it informed employees that those who cannot be vaccinated for religious reasons should apply for an exemption by a certain date. ECF 22 ¶ 14. Once the DOH Mandate was issued, however, NYP amended its vaccination policy to comply with the new law. *See id.* ¶¶ 20–24. Following the temporary restraining order entered by Judge Hurd in *Dr. A* enjoining the Department of Health from enforcing the DOH Mandate to the extent that it does not provide religious exemptions, NYP resumed its process for reviewing and granting religious exemptions. *See* ECF 34-1 at 1 (noting that employees who met the deadline to seek a religious exemption would receive an email regarding their religious exemption status). Plaintiffs cite no evidence—and there is none—that NYP retaliated against anyone who sought such an exemption.

C.      **Plaintiffs' Suit Challenges the Actions of NYP, a Private Employer with Significant Interest in Maintaining Its Reputation (*Sealed Plaintiff* Factor 5)**

The fifth *Sealed Plaintiff* factor weighs in favor of disclosure in light of NYP's "substantial interest in maintaining [its] good name and reputation." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. "[C]ourts are less inclined to allow [plaintiffs] to proceed anonymously in private party cases," *id.*, because the "mere filing of a civil action against other private parties

---

00757 (W.D. Mich.); *Gilmore* v. *Hochul*, No. 1:21-cv-01035 (N.D.N.Y.); *Harris* v. *Univ. of Mass. Lowell*, No. 1:21-cv-11244 (D. Mass.); *Kane* v. *de Blasio*, No. 1:21-cv-07863 (S.D.N.Y.); *Khanthaphixay* v. *Loyola Marymount Univ.*, No. 2:21-cv-06000 (C.D. Cal.); *Magliulo* v. *Edward Via Coll. of Osteopathic Med.*, No. 3:21-cv-02304 (W.D. La.); *Pelekai* v. *Hawai'i*, No. 1:21-cv-00343 (D. Haw.); *We The Patriots USA, Inc.* v. *Hochul*, No. 1:21-cv-04954 (E.D.N.Y.); *Cleary* v. *Inslee*, No. 21-2-00411-36 (Wash. Super. Ct.); *Coronado* v. *Great Performances Artists as Waitress Inc.*, Index No. 712784/2021 (N.Y. Sup. Ct. Queens Cnty.); *Ramaekers* v. *Creighton Univ.*, No. CI21-8808 (Neb. Dist. Ct.).

may cause damage to their good names and reputation and may also result in economic harm,"
*N. Jersey Media Grp.*, 2012 WL 5899331, at \*7 (quoting *Wynne & Jaffe*, 599 F.2d at 713). Such

consequences weigh against granting a plaintiff's request for anonymity in cases against private

defendants. *See id.*; *A.B.* v. *Hofstra Univ.*, No. 17-cv-5562, 2018 WL 1935986, at \*3 (E.D.N.Y.

Apr. 24, 2018). The fact that plaintiffs chose to also name government defendants in the suit

does not alter or diminish the risk of reputational or economic harm to NYP.

**D.  NYP Will Be Prejudiced If Plaintiffs Are Permitted to Proceed Anonymously Beyond the Preliminary Injunction Phase (*Sealed Plaintiff* Factor 6)**

Although the issues presented by the plaintiffs' preliminary injunction motion are alleged

to be primarily legal questions concerning the validity of the DOH Mandate and do not

significantly depend on the individual factual circumstances of the plaintiffs, the subsequent

stages of the litigation will be highly fact intensive. Plaintiffs acknowledge as much in their

moving papers. Mem. at 9 ("Critically, *at this stage* this case is **not** about whether Plaintiffs'

religious beliefs are sincere, nor about whether individual Defendants can accommodate

Plaintiffs' religious beliefs without undue burden, because the Governor and her co-conspirator

Defendants have not even permitted Plaintiffs to present their exemption requests to their

employers." (italics added)).

Any argument by plaintiffs that the private employer defendants would suffer no

prejudice if plaintiffs are permitted to proceed by pseudonym beyond the preliminary injunction

stage is inaccurate. Courts have recognized that private defendants are seriously disadvantaged

when they must "defend [themselves] publicly" while plaintiffs "make [their] accusations from

behind a cloak of anonymity." *Doe* v. *Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996). For

example, "concealing the name of a party could deprive a litigant and the court of the chance that

a yet unknown witness"—such as employees who may have spoken to plaintiffs about their

religious exemption requests—"would, upon learning that fact about the case, know to step

forward with valuable information about the events or the credibility of [plaintiffs]." *Del Rio*,

241 F.R.D. at 159 (citing *Richmond Newspapers*, 448 U.S. at 596–97 (Brennan, J., concurring)).

E. **Public Interest Weighs In Favor of Disclosure of Plaintiffs' Identity (*Sealed Plaintiff* Factors 8 and 9)**

Finally, plaintiffs' argument that the public "has an atypically weak interest in their

identity" because of "the purely legal questions at issue in this litigation" is easily dismissed.

There exists a strong public interest in open judicial proceedings that favors denying

motions to proceed anonymously. *Michael* v. *Bloomberg L.P.*, No. 14-cv-2657, 2015 WL

585592, at *4 (S.D.N.Y. Feb. 11, 2015). This interest is heightened where the litigation involves

"fact-finding specific to the litigants," *N. Jersey Media Grp.*, 2012 WL 5899331, at *9, or

matters of public concern such as discrimination claims, *Skyline Automobiles Inc.*, 375 F. Supp.

3d at 408. Those heightened interests are present here.

**CONCLUSION**

For the foregoing reasons, NYP respectfully submits that the Court should deny

plaintiffs' motion to proceed using pseudonyms and for a protective order to the extent that

plaintiffs seek to proceed under pseudonyms past any preliminary injunction proceedings.

Dated:  November 2, 2021          Respectfully submitted,
         New York, New York


                                   PAUL, WEISS, RIFKIND, WHARTON &
                                   GARRISON LLP


                                   By:  */s/ Liza M. Velazquez*

                                   Bruce Birenboim
                                   Michael E. Gertzman
                                   Liza M. Velazquez
                                   Gregory F. Laufer
                                   Jonathan Hurwitz
                                   Emily A. Vance
                                   1285 Avenue of the Americas
                                   New York, NY  10019-6064
                                   Phone:  (212) 373-3000
                                   Fax:  (212) 757-3990
                                   bbirenboim@paulweiss.com
                                   mgertzman@paulweiss.com
                                   lvelazquez@paulweiss.com
                                   glaufer@paulweiss.com
                                   jhurwitz@paulweiss.com
                                   evance@paulweiss.com

                                   *Attorneys for NewYork-Presbyterian
                                   Healthcare System, Inc.*