UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOES 1–2, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-CV-05067-AMD-TAM |
| | ) |
| KATHY HOCHUL, in her official capacity as | ) |
| Governor of the State of New York, at al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO PROCEED USING PSEUDONYMS AND FOR PROTECTIVE ORDER**

Plaintiffs, in support of their Motion to Proceed Using Pseudonyms and for Protective Order (Doc. 41), submit for the Court's consideration the recently entered Memorandum Opinion and Order of the Northern District of Illinois in *Doe v. NorthShore University Healthsystem*, No. 21-cv-05683, 2021 WL 5578790 (N.D. Ill. Nov. 30, 2021), permitting the plaintiffs to proceed pseudonymously in their challenge to their hospital employer's COVID-19 vaccine mandate. 2021 WL 5578790, at *1, 8–10.[1]

The *NorthShore* order provides, in pertinent part,

> [T]he Court agrees that Plaintiffs have met their burden and should be allowed to proceed pseudonymously. The bulk of Plaintiffs' concerns are built into their third argument for pseudonymity: namely, they "legitimately fear that public disclosure of their quintessentially private religious beliefs and medical decisions will make them the targets of intensified and focused scorn and humiliation directed at them and their families." Plaintiffs have offered sufficient support for the harms they will allegedly suffer if their identities are revealed during this litigation, so the Court finds their argument overcomes the "strong presumption of public access."

---

[1] The undersigned Plaintiffs' counsel also represent the *NorthShore* plaintiffs, and the *NorthShore* plaintiffs' pseudonym motion was based on substantially the same grounds as Plaintiffs' motion here.

> Plaintiffs cite news articles and online comments about this case in which commenters ridicule or insult Plaintiffs and call for them to be fired. Plaintiffs also refer to the "broader sentiment around the country," and "threats, ridicule, ostracism, harassment, scorn and opprobrium directed more generally at those who, like [Plaintiffs], have religious objections to receiving a COVID-19 vaccine." Plaintiffs' appeals to online comments on national news sources— The Hill and MSN—and "broader sentiment[s]" demonstrate "risk of serious social stigmatization surpassing a general fear of embarrassment."
>
> . . . . In addition to the arguments involving medical records and the private nature of religious beliefs, these concerns suffice to overcome the "strong presumption of public access."
>
> NorthShore opposes Plaintiffs' motion to proceed pseudonymously. Each of their arguments against pseudonymity focuses generally on the strong reasons in favor of public disclosure. But as NorthShore knows the Plaintiffs' identities, it is not prejudiced by allowing this litigation to proceed in its current manner with Plaintiffs' names remaining undisclosed to the public.
>
> Moreover, some guidance should be taken from the Supreme Court—which recently addressed pseudonymous litigation by plaintiffs challenging a vaccine mandate. *See Does 1–3 v. Mills*, [No. 21A90, 2021 WL 5027177] (Oct. 29, 2021). Neither the concurrence nor the dissent from denial of the preliminary injunction in *Does 1–3 v. Mills* discussed the issue of pseudonymity; rather, the plaintiffs' pseudonymity was accepted, if only tacitly. *See generally id.* Given the charged atmosphere concerning vaccinations and vaccine mandates, and for the other reasons discussed above, the Court is persuaded that this is the rare case where a party should be permitted to proceed pseudonymously. Accordingly, Plaintiffs' request to proceed pseudonymously is granted.

*Id.* at *9–10 (citations omitted) (some modifications in original).[2]

---

[2] The *NorthShore* order also denied the plaintiffs' motion for a preliminary injunction, although the court concluded the plaintiffs had shown a likelihood of success on the merits. *Id.* at *1. The court's conclusion that plaintiffs had not shown irreparable harm—because "they will be entitled to the full panoply of legal remedies" when they prevail against their hospital employer, including "compensatory and punitive monetary damages"—was the sole basis for its denial. *Id.* at *6.

Respectfully submitted,

/s/ Roger K. Gannam
Mathew D. Staver
Horatio G. Mihet
Roger K. Gannam
Daniel J. Schmid
LIBERTY COUNSEL
P.O. Box 540774
Orlando, FL 32854
(407) 875-1776
court@lc.org | hmihet@lc.org
rgannam@lc.org | dschmid@lc.org

*Attorneys for Plaintiffs*