UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE 1, JANE DOES 1-3, JACK DOES 1-1750, JOAN DOES 1-750,<br><br>    Plaintiffs,<br><br>v.<br><br>KATHY HOCHUL, in her official capacity as Governor of the State of New York, HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health, TRINITY HEALTH, INC., NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., WESTCHESTER MEDICAL CENTER ADVANCED PHYSICIAN SERVICES, P.C.<br><br>    Defendants. | Case No. 1:21-cv-05067-AMD-TAM<br><br>**DECLARATION OF JACQUELINE PHIPPS POLITO, ESQ IN SUPPORT OF TRINITY HEALTH CORPORATION'S MOTION TO DISMISS THE COMPLAINT** |

  I, Jacqueline Phipps Polito, Esq., an attorney duly admitted to practice law in the Court of New York, hereby declare, that the following is true upon information and belief:

  1.  I am a Shareholder with Littler Mendelson, P.C., attorneys for Defendant Trinity Health Corporation (incorrectly identified as Trinity Health, Inc.) ("Trinity").

  2.  I am fully familiar with the facts and circumstances set forth herein.

  3.  This Declaration is submitted in support of Defendant Trinity's Motion to Dismiss the Complaint filed by Plaintiffs, with prejudice.

## PROCEDURAL HISTORY

  4.  Plaintiffs commenced this action on September 10, 2021, by filing a Complaint against several Defendants, including Trinity, in the U.S. District Court for the Eastern District of New York (the "Complaint," Dkt. No. 1).

  5.  On October 5, 2021, Trinity filed a letter motion seeking the Court's permission to file a motion to dismiss all claims contained in the Complaint. (*See* Dkt. 44).

6. Following a pre-motion conference, the Court issued a scheduling order requiring a joint status report to be filed by December 3, 2021, to advise the Court whether Plaintiffs intended to file an amended complaint. (*See* Nov. 3, 2021 Minute Entry and Order).

7. In a Status Report to the Court, Plaintiffs confirmed they did not intend to amend the complaint until after Defendants filed a Motion to Dismiss, and the parties requested the Court provide a 45-day deadline for Defendants to file their respective motions to dismiss following any decision by the Supreme Court on the then-pending emergency writs of injunction following the Second Circuit's decision in *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir. 2021) (consolidating for decision *We the Patriots USA, Inc. v. Hochul,* No. 21-2179, and *Dr. A. v. Hochul*, No. 21-2566), *clarified by* 17 F.4th 368 (2d Cir. 2021). (*See* Dkt. No. 74).

8. The Court granted the parties request, allowing defendants forty-five (45) days from any decision by the Supreme Court on the pending *We the Patriots* and *Dr. A.* injunction applications to file their respective motions to dismiss. (*See* Dec. 3, 2021 Scheduling Order).

9. The Supreme Court denied the applications for injunctive relief on December 13, 2021. *See Dr. A. v. Hochul*, 142 S.Ct. 552 (2021).

10. Upon letter request, the Court ordered an extension of the deadlines, allowing Defendants to file moving papers for their respective motions to dismiss by February 17, 2022. (*See* Dkt. No. 80).

11. Trinity now timely files this motion to dismiss Plaintiffs' Complaint.

## THE INSTANT MOTION TO DISMISS

12. Trinity files the instant motion to dismiss because Plaintiffs have failed to plead facts sufficient to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

13. For the reasons set forth in the accompanying Memorandum of Law in Support of Trinity's Motion to Dismiss, Trinity respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety as against Trinity for failure to state any cognizable claim, including: Count II – Plaintiffs' claim for violation of the Supremacy Clause of the United States Constitution; Count IV – Plaintiffs' claim for violation of Title VII of the Civil Rights Act of 1964; and Count V – Plaintiffs' claim that Trinity engaged in an unlawful conspiracy in violation of 42 U.S.C. § 1985(3).

14. In the alternative, if this Court is not inclined to dismiss the Complaint on the basis of Plaintiffs' failure to state a cognizable claim, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because this Court is not a proper venue to discern Plaintiffs' claims as to Trinity.

## CONCLUSION

15. Based on the foregoing, the Declaration of Kathleen Hoffman, dated February 15, 2022, and the accompanying memorandum of law, Trinity respectfully requests that the Court issue an order dismissing Plaintiffs' Complaint and this action, as against Trinity, under Fed. R. Civ. P. 12.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2022, in Fairport, New York.

*/s/ Jacqueline Phipps Polito*
Jacqueline Phipps Polito, Esq.

4826-6885-0371