UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN DOES 1–2, JANE DOES 1–3, JACK DOES 1–750, JOAN DOES 1–750,

                          Plaintiffs,

  -against-

KATHY HOCHUL, in her official capacity as Governor of the State of New York, HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health, TRINITY HEALTH, INC., NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., WESTCHESTER MEDICAL CENTER ADVANCED PHYSICIAN SERVICES, P.C.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF MARC A. SITTENREICH IN SUPPORT OF DEFENDANT WESTCHESTER MEDICAL CENTER ADVANCED PHYSICIAN SERVICES, P.C.'S MOTION TO DISMISS THE COMPLAINT**

Docket No. 21-CV-5067-AMD-TAM

MARC A. SITTENREICH declares, under the penalties of perjury and pursuant to 28 U.S.C. § 1746, that:

1. I am a partner at the law firm Garfunkel Wild, P.C., counsel for Defendant Westchester Medical Center Advanced Physician Services ("APS") in the referenced action. I am familiar with the facts set forth herein. I submit this Declaration in support of APS' motion to dismiss the Complaint against it in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. The limited purpose of this Declaration is: (i) to explain APS' corporate structure and relationship with the WMCHealth network; (ii) to provide the Court with the relevant procedural history of this action; and (ii) to summarize the grounds for dismissal of the Complaint against APS.

3.     A true and correct copy of Plaintiffs' Complaint (ECF Doc. No. 1) is annexed as Exhibit A.

## The Parties

4.     APS is a captive professional service corporation of Westchester County Health Care Corporation, which operates the Westchester Medical Center ("WMC").

5.     In 2015, after a series of acquisitions and alliances that WMC formed with other hospitals in the Hudson Valley region, WMC announced the creation of the WMCHealth network.

6.     APS exists to serve the WMCHealth network and employs most of the physicians who work exclusively for WMCHealth facilities.

7.     Plaintiffs are health care workers in New York State who allege to hold sincere religious beliefs that prevent them from accepting the COVID-19 vaccine. *See* Complaint, ¶¶ 8 & 42.

8.     Plaintiffs allege that an unspecified number of them are employed by APS to work at WMCHealth facilities. *See id.*, ¶¶ 13, 17 & 18. Only "Jane Doe 2" is separately described. *See id.*, ¶¶ 13, 88 & 89.

9.     As Plaintiffs brought this action by pseudonyms, APS is unaware of any of their identities or the circumstances of their employment.

## Procedural History

Plaintiffs' Complaint

10.    This action concerns 10 N.Y.C.R.R. § 2.61 (the "DOH Mandate"), which requires that hospitals and other health care entities ensure that certain workers are fully vaccinated against

6372241v.7

COVID-19. The DOH Mandate provides a limited medical exemption, but no religious exemption, to the vaccination requirement. *See* 10 N.Y.C.R.R. § 2.61(d)(1).

11. On September 10, 2021, Plaintiffs initiated this action by filing a Complaint against Governor Kathy Hochul and former Commissioner of Health Howard A. Zucker (collectively, the "State Defendants") and their alleged employers, including APS, New York-Presbyterian Healthcare System, Inc., and Trinity Health, Inc. (collectively, the "Employer Defendants").

12. Plaintiffs claim that they were all denied religious exemptions by one of the Employer Defendants as a direct result of the DOH Mandate. *See* Complaint, ¶¶ 10-20.

13. In short, Plaintiffs claim the State Defendants' enactment of the DOH Mandate, and the Employer Defendants' compliance therewith, caused them to suffer a deprivation of their federal constitutional and statutory rights. They seek, *inter alia*, declaratory and injunctive relief allowing them to continue serving in a patient-facing role using "the same protective measures" – *i.e.* masking, testing, and symptom-monitoring – that were employed earlier in the pandemic, before any vaccines were available. *Id.*, ¶¶ 8, 71 & 75.

14. In Counts I and III – asserted only against the State Defendants – Plaintiffs allege that the DOH Mandate violates their rights under the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, respectively. *See id.*, ¶¶ 119-36 & 149-64.

15. In Count II, Plaintiffs allege that all Defendants violated the Supremacy Clause by enacting or abiding by the requirements of the DOH Mandate, in purported contravention of federal law. *See id.*, ¶¶ 137-48.

3

6372241v.7

16. In Count IV, Plaintiffs allege that APS and the other Employer Defendants violated Title VII by refusing to consider their requests for religious exemptions. *See* Complaint, ¶¶ 165-76.

17. In Count V, Plaintiffs allege that each of the Employer Defendants unlawfully conspired with the State Defendants to deprive them of their purported constitutional right to a religious exemption, in violation of 42 U.S.C. § 1985(3). *See id.*, ¶¶ 177-90.

Courts Grant, and then Vacate, Emergency
<u>Relief Enjoining the Enforcement of the DOH Mandate</u>

18. On September 10, 2021 – the same day that they filed the Complaint – Plaintiffs moved for a temporary restraining order and preliminary injection, seeking to enjoin the State Defendants from enforcing the DOH Mandate and the Employer Defendants from refusing to consider their religious exemption requests. *See* ECF Doc. No. 2. A hearing on Plaintiffs' application was held before the Honorable Eric R. Komitee on September 13, 2021. *See* ECF Doc. Nos. 28 & 36.

19. The following day, the Honorable David N. Hurd of the Northern District of New York issued a temporary restraining order barring the New York State Department of Health (the "DOH") from "enforcing any requirement that employers deny religious exemptions from COVID-19 vaccination or that they revoke any exemptions employers already granted before the vaccine mandate issued." *Dr. A. v. Hochul*, No. 21 Civ. 1009, 2021 WL 4189533, at *1 (N.D.N.Y. Sept. 14, 2021).

4

6372241v.7

20. On September 14, 2021, Judge Komitee denied Plaintiffs' motion for a temporary restraining order as moot in light of the statewide injunction issued by Judge Hurd. *See* ECF Doc. No. 35.

21. On October 12, 2021, Judge Hurd granted the *Dr. A* plaintiffs' application for a preliminary injunction, which extended the bar against enforcement of the DOH Mandate. *See Dr. A. v. Hochul*, No. 21 Civ. 1009, 2021 WL 4734404 (N.D.N.Y. Oct. 12, 2021).

22. By Order dated October 18, 2021, this Court held Plaintiffs' motion for a preliminary injunction in the instant action in abeyance pending the Second Circuit's review of *Dr. A* and a parallel decision from this Court – *We The Patriots USA, Inc. v. Hochul* – in which the plaintiffs' requests for emergency relief were summarily denied.

23. On November 4, 2021, the Second Circuit issued an Opinion vacating the statewide preliminary injunction against the DOH. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 273 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021).

24. On December 13, 2021, the Supreme Court summarily denied applications for injunctive relief by the *Dr. A* and *We The Patriots* plaintiffs. *See Dr. A v. Hochul*, 142 S. Ct. 552 (2021); *We The Patriots USA, Inc. v. Hochul*, 142 S. Ct. 734 (2021).

25. In light of the Second Circuit and Supreme Court rulings, Plaintiffs in this action did not renew their motion for a preliminary injunction.

6372241v.7

**The Grounds for Dismissal of the Complaint Against APS**

26. Plaintiffs allege that by complying with the DOH Mandate, APS violated the Supremacy Clause (Count II), Title VII of the Civil Rights Act of 1964 (Count IV), and 42 U.S.C. § 1985(3) (Count V). Each of these claims is deficient as a matter of law.

27. Count II must be dismissed against APS because courts do not recognize a cause of action under the Supremacy Clause.

28. Even if Plaintiffs had a private right of action under the Supremacy Clause, their claim is still fatally flawed. Plaintiffs contend that the DOH Mandate, by foreclosing the possibility of a religious exemption, conflicts with the Title VII requirement that employers reasonably accommodate their employees' religious practices absent undue hardship. But the Second Circuit already rejected a virtually identical preemption claim made by the plaintiffs in *We The Patriots*, finding that the DOH Mandate is not incompatible with the objectives of Title VII. And, courts have reached the same ruling with respect to similar vaccine mandates in other states.

29. Court IV, alleging that APS violated Title VII by refusing to consider and grant their requests for religious exemptions, must be dismissed for multiple reasons:

30. First, Plaintiffs' Title VII claim is improperly before this Court because they do not allege that they took any steps to exhaust their administrative remedies before the Equal Employment Opportunity Commission.

31. Second, APS need not – and cannot – provide Plaintiffs a blanket religious exemption to the COVID-19 vaccination requirement because doing so would unavoidably impose undue hardship on APS. Specifically, granting such an exemption would either (a) prevent APS

from sending its employees to the WMCHealth hospitals where they are specifically employed to work, or (b) cause APS and/or its affiliate hospitals to violate the DOH Mandate and be subject to penalties. Granting the proposed accommodation would also dramatically increase the risk of infection with COVID-19 at the WMCHealth facilities that APS physicians serve.

32. Third, Plaintiffs cannot maintain their Title VII disparate treatment claim against APS because they fail to establish that APS acted with any discriminatory motive or intent. Instead, they allege that the State Defendants had a discriminatory motive in enacting the DOH Mandate and attempt to impute liability to APS and the other Employer Defendants based solely on their efforts to comply with state law. Such motive or intent cannot be imputed.

33. Finally, Count V, alleging violation of 42 U.S.C. § 1985(3), must be dismissed because it rests on rote, conclusory allegations without any specific facts to support the existence of a conspiracy between APS and the State Defendants, any acts by APS in furtherance of the purported conspiracy, or any discriminatory animus by APS. Moreover, Plaintiffs fail to allege any underlying constitutional right that either APS or the State Defendants violated.

## Conclusion

34. For the reasons set forth herein and in the accompanying Memorandum of Law, the Court should dismiss the Complaint against APS in its entirety and afford APS such other and further relief as it deems just, equitable, or proper.

Dated: Great Neck, New York
February 17, 2022

*/s/ Marc A. Sittenreich*
MARC A. SITTENREICH
