UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X
JOHN DOES 1–2, JANE DOES 1–3, JACK
DOES 1–750, and JOAN DOES 1–750,

                         Plaintiffs,

             -against-

KATHY HOCHUL, in her official
capacity as Governor of the State of New
York; HOWARD A. ZUCKER, in his
official capacity as Commissioner of the
New York State Department of Health;
TRINITY HEALTH, INC.; NEW YORK-
PRESBYTERIAN HEALTHCARE
SYSTEM, INC.; and WESTCHESTER
MEDICAL CENTER ADVANCED
PHYSICIAN SERVICES, P.C., as assignee
of WMC Health,

                         Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
21-CV-5067 (AMD) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On September 10, 2021, New York healthcare professionals who claim sincerely

held religious objections to receiving the COVID-19 vaccine ("Plaintiffs") initiated this

action to challenge aspects of the state's vaccine mandate. (*See* Complaint ("Compl."),

ECF No. 1.) The complaint names as Defendants New York Governor Kathy Hochul

and New York Department of Health Commissioner Howard A. Zucker, in their official

capacities, as well as Trinity Health, Inc., New York-Presbyterian Healthcare System,

Inc., and Westchester Medical Center Advanced Physician Services, P.C., as assignee of

WMC Health ("Defendants"). (*See id.*) Plaintiffs are seeking, among other things, a

religious exemption from New York State's COVID-19 vaccine mandate. (*See generally*

*id.*; *see also* Pls.' Mot. for TRO & Prelim. Inj., ECF No. 2.)

Currently before this Court is Plaintiffs' motion for a protective order and to proceed using pseudonyms, which the Honorable Ann M. Donnelly referred to the undersigned Magistrate Judge. (Pls.' Mot. for Protective Order ("Pls.' Mot."), ECF No. 41; Oct. 4, 2021 ECF Order Referring Mot.) For the reasons stated herein, the Court grants Plaintiffs' motion, in part.[1]

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. As noted above, Plaintiffs are a group of New York healthcare workers who seek religious exemptions from the COVID-19 vaccine mandate enacted by Governor Hochul and implemented by Commissioner Zucker[2] (the "New York Defendants"). (See Compl., ECF No. 1, ¶¶ 10–22, 39–41.) Defendants Trinity Health, Inc. ("Trinity"), New York-Presbyterian Healthcare System, Inc. ("New York-Presbyterian"), and Westchester Medical Center Advanced Physician Services, P.C. ("Advanced Physician Services"), allegedly employ a number of Plaintiffs in this case. (Id. ¶¶ 11–20, 23–25.)[3]

---

[1] A motion for a protective order and to proceed under a pseudonym is a non-dispositive pre-trial motion within a magistrate judge's jurisdiction. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); E.D.N.Y. Local R. 72.2; cf. Doe v. Cornell Univ., No. 19-CV-1189 (MAD) (ML), 2021 WL 6128807, at *1 (N.D.N.Y. Sept. 22, 2021).

[2] The Court notes that Mary T. Bassett is currently the New York Department of Health Commissioner. See https://www.health.ny.gov/commissioner/ (last visited Mar. 18, 2022).

[3] Plaintiffs' complaint alleges that up to 250 Jack and Joan Does work for each of the three respective private employer Defendants — potentially totaling 1,500 additional "Doe" Plaintiffs. (See Compl., ECF No. 1, ¶¶ 15–20.) However, as Defendant New York-Presbyterian observes, the complaint "does not make clear whether any of these hundreds of purported [] Does are real persons represented by plaintiffs' counsel, or, instead, whether these allegations simply reflect an effort by plaintiffs to make it appear that their objections to vaccination are shared by large numbers of other [] employees." (New York-Presbyterian Mem., ECF No 68, at 3.) The Court notes that Plaintiffs' counsel's declaration indicates that counsel spoke "personally" with John Does 1–2 and Jane Does 1–3, i.e., five Plaintiffs, in anticipation of filing the instant motion. (See Declaration of Daniel J. Schmid ("Schmid Decl."), ECF No. 41-1, ¶ 2.)

2

Plaintiffs initiated this action by moving for a temporary restraining order ("TRO") and a preliminary injunction. (*See generally id.*; Pls.' Mot. for TRO & Prelim. Inj., ECF No. 2.) Specifically, Plaintiffs are challenging the constitutionality and enforcement of N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61(c) (2021), the emergency regulation requiring most healthcare workers to be fully vaccinated against COVID-19. (*See* Compl., ECF No. 1, ¶¶ 119–90; Pls.' Mot. for TRO & Prelim. Inj., ECF No. 2, at 5–15.)

On September 14, 2021, the Honorable Eric R. Komitee, sitting as the miscellaneous duty judge, denied Plaintiffs' motion for a TRO as moot in light of the statewide TRO issued the same day by the Honorable David N. Hurd in the Northern District of New York, in *Dr. A. v. Hochul*, 21-CV-1009, 2021 WL 4189533, at *1 (N.D.N.Y. Sept. 14, 2021). (*See* Sept. 14, 2021 Order, ECF No. 35.) Judge Komitee instructed Plaintiffs that they may apply to the assigned District Judge, Judge Donnelly, for a preliminary injunction, and that "[i]f Plaintiffs wish to proceed anonymously with this action, they must file (under seal) a motion that states the reasons why the Court should permit them to do so." (*Id.* at 3.)[4]

---

[4] On September 21, 2021, Plaintiffs proceeded with a motion for a preliminary injunction. (*See* Mot. to Expedite, ECF No. 37.) However, on October 18, 2021, Judge Donnelly held Plaintiffs' motion in abeyance pending an appeal to the Second Circuit of the preliminary injunction entered by Judge Hurd in *Dr. A v. Hochul*, No. 21-CV-1009, 2021 WL 4734404, at *1 (N.D.N.Y. Oct. 12, 2021), *vacated and remanded sub nom. We the Patriots USA, Inc. v. Hochul*, No. 21-2179, 2021 WL 5103443 (2d Cir. Oct. 29, 2021). (*See* Oct. 18, 2021 ECF Scheduling Order (citing *We The Patriots v. Hochul*, No. 21-2179 (2d Cir. Oct. 13, 2021)).) Judge Donnelly also held a pre-motion conference on November 3, 2021, regarding Defendants' anticipated motions to dismiss. (Nov. 3, 2021 ECF Minute Entry and Order.) On December 3, 2021, in anticipation of the Supreme Court's review of two emergency applications for writs of injunction following the Second Circuit's ruling in *We the Patriots* and *Dr. A*, Judge Donnelly directed Defendants to file their respective motions to dismiss within forty-five days of the Supreme Court's decision. (*See* Dec. 3, 2021 ECF Scheduling Order; Dec. 3, 2021 Joint Status Report, ECF No. 74.) On February 17, 2022, following the Supreme Court's denial of the two applications, Defendants filed their respective motions to dismiss, which are pending before the District Court. (*See* Jan. 20, 2022 ECF Order; Mots. to Dismiss, ECF Nos. 81, 83, 84, 87.) *See also Dr. A v. Hochul*, 142 S. Ct. 552 (2021); *We The Patriots USA Inc. v. Hochul*, 142 S. Ct. 734 (2021).

Plaintiffs filed their motion for a protective order and to proceed under pseudonyms on October 1, 2021, which Judge Donnelly thereafter referred to the undersigned Magistrate Judge. (*See* Pls.' Mot., ECF No. 41; Oct. 4, 2021 ECF Order Referring Mot.) Defendants filed their respective responses to Plaintiffs' motion on November 2, 2021, and Plaintiffs filed their reply in support on November 22, 2022. (*See* Trinity Resp., ECF No. 67; New York-Presbyterian Mem., ECF No 68; Advanced Physician Services Resp., ECF No. 69; New York Defs.' Resp., ECF No. 70; Pls.' Reply, ECF No. 72.)[5] On December 14, 2021, this Court held a telephonic motion hearing and heard argument on Plaintiffs' motion. (Dec. 14, 2021 ECF Minute Entry and Order; Transcript of December 14, 2021 Hearing ("Tr."), ECF No. 78.)

After careful consideration of the parties' submissions and the record before the Court, and for the reasons set forth herein, the Court grants Plaintiffs' motion for a protective order and to proceed using pseudonyms, in part, pursuant to the directives below.

## DISCUSSION

### I. **Legal Standards**

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties to the action. Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). However, "in limited circumstances, courts may grant an exception to this rule and allow a plaintiff to proceed under a pseudonym when the plaintiff's 'interest in

---

[5] In addition, the Court notes that the parties have filed several notices of supplemental authority related to Plaintiffs' motion for a protective order and to proceed under pseudonyms, which that Court has taken under advisement. (*See* ECF Nos. 73, 76, 79, 88, 89.)

anonymity' outweighs 'both the public interest in disclosure and any prejudice to the defendant.'" *Doe v. City Univ. of New York*, No. 21-CV-9544 (NRB), 2021 WL 5644642, at *2 (S.D.N.Y. Dec. 1, 2021) (quoting *Sealed Plaintiff*, 537 F.3d at 189). The Second Circuit has established a non-exhaustive list of ten factors for courts to consider when balancing these interests. These factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (quotation marks, citations, and alterations omitted). Courts are not required to "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Sealed Plaintiff*, 537 F.3d at 191 n.4.

## II.   Analysis

Plaintiffs' motion to proceed anonymously in this case presents a close call. Plaintiffs argue that the "principles of open proceedings and judicial access" are outweighed here by Plaintiffs' potential exposure to "public vitriol, shaming and ostracization," as well as the risks to their livelihood, if they were to personally reveal their religiously-guided vaccination choices. (Pls.' Reply, ECF No. 72, at 2; *see also* Pls.'

Mot., ECF No. 41, at 4–8, 9–14.) Plaintiffs also contend that this case involves "a purely legal question that does not depend at all on the identity of the Plaintiffs," and that proceeding under pseudonyms would not prejudice Defendants, particularly in light of Plaintiffs' proposed protective order. (Pls.' Mot., ECF No. 41, at 9; Pls.' Proposed Protective Order, ECF No. 41-2; *see also* Pls.' Mot., ECF No. 41, at 15–16; Pls.' Reply, ECF No. 72, at 13–17; Tr., ECF No. 78, at 12:22–25, 39:7–40:18.)

As an initial matter, the Court notes that the New York Defendants and Defendant Advanced Physician Services do not oppose Plaintiffs' motion to proceed using pseudonyms at this juncture, assuming the parties can agree on a satisfactory protective order. (*See generally* Advanced Physician Services Resp., ECF No. 69; New York Defs.' Resp., ECF No. 70; *see also* Tr., ECF No. 78, at 22:17–20, 23:7–21.) Defendants Trinity and New York-Presbyterian, on the other hand, argue that Plaintiffs have failed to meet their burden under *Sealed Plaintiff* to warrant an exception to the general rule of disclosure.[6] (*See generally* Trinity Resp., ECF No. 67; New York-Presbyterian Mem., ECF No 68; *see also, e.g.*, Tr., ECF No. 78, at 30:8–14 ("We think that Plaintiffs have to come forward with a particularized risk of harm to them and sufficient specificity showing the incremental injury that would result to them from disclosure of their identities. We do not think it's enough to point to news stories, MSNBC programs that are months old at this point, that really have no, you know, direct connection to these Plaintiffs.").)

Although the Court agrees with Defendants that the potential physical and mental harms identified by Plaintiffs could be more particularized, on balance, Plaintiffs John Does 1–2 and Jane Does 1–3 have established a sufficient interest in anonymity at this phase of the litigation to overcome the public's interest in disclosure and any

---

[6] Unless otherwise noted, the Court's references to "Defendants" hereinafter refer to Defendants Trinity and New York-Presbyterian.

prejudice to Defendants. The same cannot be said for the nominal Plaintiffs, Jack Does 1–750 and Joan Does 1–750, about whom the record is less developed with respect to the need for anonymity. Accordingly, as set forth below, the Court (1) grants Plaintiffs' motion to proceed under pseudonyms for John Does 1–2 and Jane Does 1–3; (2) respectfully directs the parties to meet and confer and to submit a proposed protective order to the Court on or before April 1, 2022, as well as a letter indicating how many additional "Doe" Plaintiffs will proceed under a pseudonym, if any, and providing supplemental information and/or authority as to why these additional Plaintiffs should be allowed to proceed anonymously; and (3) reserves the authority to reconsider Plaintiffs' anonymity should the case proceed past the motion to dismiss stage. *See, e.g.*, *Does 1-6 v. Mills*, No. 21-CV-242 (JDL), 2021 WL 4005985, at *2 (D. Me. Sept. 2, 2021) (permitting plaintiffs to proceed under pseudonym while reserving authority to "revisit this issue" at a later stage in the litigation).

### *Sealed Plaintiff* Factors

As the Second Circuit has explained, the *Sealed Plaintiff* factors are designed to ensure that courts "balance plaintiff's interest in proceeding anonymously against the interests of defendants and the public." *Sealed Plaintiff*, 537 F.3d at 191; *see also id.* at 191 n.4. Balancing these factors here, the Court finds that Plaintiffs John Does 1–2 and Jane Does 1–3 have justified proceeding anonymously.

#### A. Nature of the Litigation

The first *Sealed Plaintiff* factor deals with whether the litigation implicates highly sensitive or personal matters. *Sealed Plaintiff*, 537 F.3d at 190. Plaintiffs argue that this lawsuit satisfies this factor because the nature of the litigation involves personal medical decisions regarding vaccinations, as well as sincerely held, "quintessentially private" religious beliefs. (*See* Pls.' Mot., ECF No. 41, at 4–7; Pls.' Reply, ECF No. 72, at

5–7; Tr., ECF No. 78, at 5:14–19.) In response, Defendants argue that "even if [P]laintiffs' vaccination status constitutes medical information, it is not sufficiently sensitive to justify proceeding under [a] pseudonym," and that "[P]laintiffs' alleged religious objections to vaccination against COVID-19 do not qualify as 'matters of the utmost intimacy' that may overcome the presumption against anonymity." (New York-Presbyterian Mem., ECF No. 68, at 6, 8 (quoting *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)); *see also* Trinity Resp., ECF No. 67, at 9 ("[T]he allegations contained within Plaintiffs' Complaint are not so sensitive and personal as to justify employing the unusual procedure of a pseudonymous suit[.]").)

By comparison, "[c]ourts have found that cases relating to birth control, abortion, homosexuality, welfare rights of illegitimate children, and abandoned families are highly sensitive and of a personal nature." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019). With respect to whether religious objections to the COVID-19 vaccine qualify as highly personal or sensitive matters, district courts across the country have reached different conclusions. For example, in *Navy Seal 1 v. Austin*, the court concluded that "[a]lthough the defendants argue that the plaintiffs' vaccination status is not a matter of utmost intimacy, this action encompasses substantially more intimate detail than whether a person chose to accept a vaccine." No. 21-CV-2429 (SDM) (TGW), 2022 WL 520829, at *1 (M.D. Fla. Feb. 18, 2022) (quotation marks omitted); *see also Air Force Officer v. Austin*, No. 5:22-CV-0009 (TES), 2022 WL 468030, at *2 (M.D. Ga. Feb. 15, 2022) ("[T]he Court has previously recognized that religion is perhaps a quintessentially private matter and in doing so, it respected the fact that a plaintiff should be allowed to proceed anonymously in a case against the government if religion is on the table." (quotation marks and alterations omitted)).

8

In contrast, in *Doe v. City Univ. of New York*, the Honorable Naomi Reice Buchwald found that "relying on a medical issue as a basis for anonymity does not withstand analysis" where "there is no independent medical issue separate and apart from plaintiff's refusal to receive a COVID-19 vaccine on religious grounds." 2021 WL 5644642, at *2; *see also Does 1 through 11 v. Bd. of Regents of Univ. of Colorado*, No. 21-CV-2637 (RM) (KMT), 2022 WL 43897, at *3 (D. Colo. Jan. 5, 2022) (referred to herein as "*Univ. of Colorado*") ("[S]tanding alone, a medical condition that is described as unvaccinated against COVID-19 is not so highly sensitive and personal in nature as to overcome the presumption of openness in judicial proceedings."); *Oklahoma v. Biden*, No. 21-CV-1136-F, 2022 WL 356736, at *2 (W.D. Okla. Feb. 2, 2022) ("A decision to be vaccinated, or not, against COVID-19 is certainly a personal matter, but it is not intrinsically sensitive, let alone highly sensitive.").

As to the medical aspect of Plaintiffs' argument, the Court does not equate the decision to receive the COVID-19 vaccine (or not) with other medical treatments, conditions, or immutable characteristics that one may never have to disclose to an employer. (*See* Tr., ECF No. 78, at 8:8–17.) Nevertheless, the Court recognizes the unique sensitivities that exist within the current political climate and social context, particularly as to Plaintiffs' religious convictions, and finds that this factor tips slightly in Plaintiffs' favor. *See City Univ. of New York*, 2021 WL 5644642, at *3 ("[T]he fact that plaintiff has put his religious beliefs at issue in this case means this factor weighs in favor of plaintiff proceeding anonymously."). *Cf. Univ. of Colorado*, 2022 WL 43897, at *3 (discussing the political climate and public attitudes concerning people who refuse the COVID-19 vaccine). In any event, "the first factor itself is not dispositive, and the other factors must be taken into consideration and analyzed in comparison to the public's interest

and the interests of the opposing parties." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406.

## B.  Risks of Identification

The next three *Sealed Plaintiff* factors task the Court with assessing the potential risks associated with identifying the anonymous party, including the potential for retaliatory physical or mental harm, and the severity of such harms. *Sealed Plaintiff*, 537 F.3d at 190.[7]

Here, Plaintiffs argue that "there is no question that Plaintiffs face the threat of retaliation from the community and their employers." (Pls.' Mot., ECF No. 41, at 10.) As evidence, Plaintiffs point to the harsh public sentiment displayed in response to those who oppose receiving the COVID-19 vaccine for religious reasons. (*See id.* at 11–12 (citing a "sampling of community comments from news articles about similar challenges to vaccination mandates" as well as other media commentary); *see also* Pls.' Reply, ECF No. 72, at 9–11 (quoting social media posts).)[8] Plaintiffs claim that these

---

[7] The Court notes that the fourth *Sealed Plaintiff* factor, whether Plaintiffs are particularly vulnerable in light of their age, does not support Plaintiffs' proceeding anonymously because as healthcare workers, they are almost certainly above the age of eighteen, and because Plaintiffs have made no representations about their respective ages. *Sealed Plaintiff*, 537 F.3d at 190.

[8] For example, Plaintiffs cite to a transcript of one of Governor Hochul's speeches, where she praised those who had decided to get vaccinated and stated that "there's people out there who aren't listening to God and what God wants. You know who they are." (Pls.' Mot., ECF No. 41, at 10–11 (citing Schmid Decl., ECF No. 41-1, ¶ 7).) Plaintiffs also point to an ABC News commentator's suggestion that the government should "just make it almost impossible for people to — to live their lives without being protected and protecting the rest of us." (*Id.* at 11–12.) In addition, Plaintiffs highlight the tenor of the social media discourse surrounding this issue, including comments reacting to religious objectors to the vaccine such as: "These people turn my stomach! Somebody's fake religion has nothing to do with our health. Such a lawsuit shouldn't even be considered by the court. In fact, maybe as citizen, Americans ought to be suing the fools who put this lawsuit together," (*id.* at 11); "Get vaccinated! If not, you pay the consequences. Absolutely no sympathy for these selfish people!" (Pls.' Reply, ECF No. 72, at 10); and "Any 'Doctor' or 'Nurse' who refuses to inoculate themselves should not be allowed to work anywhere. They're obviously not qualified to provide care and are endangering the lives of the people around them." (*id.* at 11).

clippings "decisively illustrate that the issue in this case incites people's passions and creates a serious risk that Plaintiffs or their families will be harassed, scorned, intimidated, retaliated against, threatened with permanent job loss, or even physically harmed if their identities become known." (Pls.' Reply, ECF No. 72, at 11.)[9] Plaintiffs do not, however, cite to any "offline examples in support of their concerns," such as intimidation or harassment from supervisors. *Doe 1 v. NorthShore Univ. HealthSystem*, No. 21-CV-5683, 2021 WL 5578790, at *10 (N.D. Ill. Nov. 30, 2021).

Plaintiffs' counsel also submitted a sworn declaration attesting that Plaintiffs John Does 1–2 and Jane Does 1–3 "are concerned that disclosure of their identities will negatively impact all of their future abilities to obtain employment in New York." (Declaration of Daniel J. Schmid ("Schmid Decl."), ECF No. 41-1, ¶¶ 2, 10.) Furthermore, Plaintiffs allude to a potential "chilling effect" that would result from revealing their identities. (*See* Tr., ECF No. 78, at 18:4–19:7 (arguing that "[t]he harm is not merely retaliation. . . . [F]ear of retaliation would diminish [Plaintiffs'] willingness and ability to pursue legal remedies before this Court"); Pls.' Reply, ECF No. 72, at 8.) More specifically, Plaintiffs "fear that pursuit of their claims in the instant litigation without pseudonym protection will result in undue and unconscionable retaliation," and therefore maintain that they "would not pursue their claims if required to disclose their personal identities to the public." (Schmid Decl., ECF No. 41-1, ¶ 11; *see also* Pls.' Mot., ECF No. 41, at 12 ("Plaintiffs with otherwise merited claims will refuse to pursue such claims if forced to litigate in their own names.").)

In response, Defendants argue that Plaintiffs' fears are far too speculative and broad to justify proceeding anonymously. (*See, e.g.*, Tr., ECF No. 78, at 26:9–16

---

[9] The Court notes that Plaintiffs state that they fear retaliation from "their employers," but do not provide any further context. (Pls.' Mot., ECF No. 41, at 10.)

(characterizing Plaintiffs' showing of harm as "highly generalized and highly speculative," and arguing that "[w]hat's required under *[S]ealed Plaintiff* is that these specific Plaintiffs have to identify a particularized risk of harm to them"); *see also id.* at 30:8–14; Trinity Resp., ECF No. 67, at 11–14; New York-Presbyterian Mem., ECF No. 68, at 8–11.)

Generally speaking, "'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601 (HBP), 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015)). Nor does the desire to protect one's "professional or economic life." *Guerrilla Girls, Inc.*, 224 F.R.D at 573. Indeed, the prospect of being publicly linked to an unpopular viewpoint will not suffice to overcome the presumption of identification in judicial proceedings, "absent more direct evidence linking disclosure of [plaintiff's] name to a specific physical or mental injury." *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678 (RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019). Although the Court appreciates the potential harm from being subjected to intense public scrutiny, whether in the media or on the internet, it does not find the commentary directed at large swaths of the unvaccinated population to be compelling or particularized evidence of the physical or mental harms that Plaintiffs in this case may face. Moreover, to the extent that the sweeping negative comments about unvaccinated healthcare workers are emotionally harmful to Plaintiffs, proceeding anonymously will not shield them from such harm.

At the same time, however, the Court acknowledges that social opprobrium toward individuals in Plaintiffs' position has fluctuated, and may continue to fluctuate, depending on the prominence of the COVID-19 virus at varying points in time. Additionally, even though Plaintiffs have not established a risk of retaliatory harm, the

Court credits that they are afraid and that a "chilling effect" could result from Plaintiffs'

being required to reveal their identities. This weighs in favor of permitting Plaintiffs to

continue anonymously, as do the potentially adverse implications for Plaintiffs' future

employment in the healthcare industry. *See, e.g., Doe v. Colgate Univ.*, No. 15-CV-1069

(LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also

mindful of the potential chilling effect that forcing Plaintiff to reveal his identity would

have on future plaintiffs facing similar situations."); *Doe v. Cabrera*, 307 F.R.D. 1, 7

(D.D.C. 2014) ("Having the plaintiff's name in the public domain, especially in the

Internet age, could subject the plaintiff to future unnecessary interrogation . . . as a

result of bringing this case."). *But see Doe v. Trustees of Indiana Univ.*, No. 21-CV-2903

(JRS) (MJD), 2022 WL 36485, at *6 (S.D. Ind. Jan. 3, 2022) (rejecting plaintiff's argument

concerning "harm in the form of emotional and reputational damages, economic

injuries, the loss of educational and career opportunities and future earnings"

(quotation marks omitted)).

      Accordingly, while the second *Sealed Plaintiff* factor concerning risk of retaliatory

physical and mental harm weighs against Plaintiffs' anonymity here, the Court finds

that the third factor, concerning the risk of other harms and the likely severity of those

harms, favors Plaintiffs John Does 1–2 and Jane Does 1–3.[10]

### C.  Prejudice to Defendants

      The fifth and sixth *Sealed Plaintiff* factors address the defendants' identities,

whether they will be prejudiced by plaintiff's anonymity, whether such prejudice (if

---

[10] Without more specific information regarding the nominal Plaintiffs, Jack Does 1–750 and Joan Does 1–750, the Court cannot evaluate whether the risk of such harms similarly extends to them.

any) differs at various stages of the litigation, and whether the court can mitigate such prejudice. *Sealed Plaintiff*, 537 F.3d at 190.

As previously noted, Plaintiffs bring this action against the New York Defendants in their official capacities, as well as three private employer Defendants. "While suits against the government involve no injury to the Government's reputation, suits against private parties may cause damage to their good names and reputations— which supports denying a request to proceed anonymously." *Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (quotation marks omitted); *see also Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. Defendants argue that their status as private entities weighs in favor of disclosure because of the reputational risks they face. (*See* Trinity Resp., ECF No. 67, at 14–15; New York-Presbyterian Mem., ECF No. 68, at 11–12.) Plaintiffs respond that Defendants' reputations are not at risk, as "Plaintiffs are not making salacious allegations about Defendants, or allegations that apply only to Plaintiffs themselves and that are not already known by the public at large." (Pls.' Reply, ECF No. 72, at 16; *see also* Tr., ECF No. 78, at 39:7–40:18.)

While the Court agrees with Defendants that being a private entity favors disclosure of Plaintiffs' identities, the potential for reputational harm is significantly lessened here by the gravamen of Plaintiffs' complaint, which is challenging New York State's vaccine regulation. (*See generally* Compl., ECF No. 1.) *Cf. Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 274 (E.D.N.Y. 2015) ("Where, as here, a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." (quotation marks omitted)). At bottom, Defendants' alleged wrongdoing in this case was complying with a state law requiring most healthcare workers to be inoculated against

COVID-19. (*See, e.g.*, Compl., ECF No. 1, ¶¶ 142–44.) It is unclear to the Court how such allegations will adversely impact Defendants' reputations.

The Court is troubled, though, by Plaintiffs' lack of clarity regarding the *number* of Jack and Joan Doe Plaintiffs. (*See supra* note 3; New York-Presbyterian Mem., ECF No 68, at 3.) In the Court's view, there is a difference for Defendants' reputational risk between being sued by two employees and being sued by 200 employees. Therefore, as discussed below, the Court directs Plaintiffs to clarify the number of individuals seeking to proceed anonymously and, if necessary, to submit an additional declaration in support of Plaintiffs' motion to proceed under pseudonyms, or to seek to amend the caption to remove the Jack Does and Joan Does from this case. *See* Fed. R. Civ. P. 21 (permitting courts to add or drop a party at any time).

This concern also relates to the broader question of whether Defendants are prejudiced by allowing Plaintiffs to proceed under pseudonyms. Defendant Trinity claims that "Plaintiffs' anonymity impedes Trinity's ability to effectively defend against Plaintiffs' claims." (Trinity Resp., ECF No. 67, at 15; *see also id.* at 15–17.) These concerns should be alleviated, however, by the entry of Plaintiffs' proposed protective order, which contemplates disclosing "the names and business address of all known Plaintiffs to this action" within three business days. (Pls.' Proposed Protective Order, ECF No. 41-2, ¶ 3.) *See Plaintiffs # 1-21*, 138 F. Supp. 3d at 277 ("[T]he Court finds the proposal offered by the Plaintiffs to be a reasonable way to accommodate the Plaintiffs' strong interest in anonymity while minimizing the prejudice to the Defendants by permitting limited disclosure of the Plaintiffs' identities so that they can conduct meaningful discovery and mount effective defenses."); *see also NorthShore Univ. HealthSystem*, 2021 WL 5578790, at *10 ("But as [Defendant] knows the Plaintiffs' identities, it is not

prejudiced by allowing this litigation to proceed in its current manner with Plaintiffs' names remaining undisclosed to the public.").

In addition, Plaintiffs claim that because this case involves "purely legal issues" related to Defendants' denial of all requests for religious exemptions from New York's vaccine mandate, "irrespective of any individual traits of any individual Plaintiff," Defendants will suffer no prejudice from Plaintiffs' anonymity. (Pls.' Reply, ECF No. 72, at 15.) Defendant New York-Presbyterian contends that Defendants will be prejudiced if Plaintiffs "are permitted to proceed by pseudonym beyond the preliminary injunction stage[.]" (New York-Presbyterian Mem., ECF No. 68, at 12.) Similarly, Defendant Advanced Physician Services conditioned its non-opposition to Plaintiffs' motion to proceed using pseudonyms on its reservation of "the right to challenge Plaintiffs' request to proceed pseudonymously in the event that . . . [Plaintiffs'] identities become more relevant to the adjudication of their claims." (Advanced Physician Services Resp., ECF No. 69; *see also* Tr., ECF No. 78, at 23:7–21.)

At the current stage of the litigation, with Defendants' motions to dismiss pending (*see* Mots. to Dismiss, ECF Nos. 81, 83, 84, 87), the Court finds that Plaintiffs John Does 1–2 and Jane Does 1–3's proceeding anonymously causes little prejudice to Defendants. This is especially so given Plaintiffs' willingness to stipulate to a protective order that will allow Defendants to learn Plaintiffs' identities. However, should this action continue beyond the motion to dismiss phase — or in the event that Plaintiffs cannot adequately support the Jack or Joan Does' request to proceed under pseudonyms — it may be necessary to revisit whether Plaintiffs' anonymity is obfuscating discovery, causing reputational damage to Defendants, or undermining the fundamental fairness of the proceedings. *Cf. Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003).

### D.  The Public's Interest in the Litigation & Alternative Mechanisms for Protecting Plaintiffs' Confidentiality

The final four *Sealed Plaintiff* factors cover whether a plaintiff's identity has been kept confidential thus far, the public's interest in the litigation vis-à-vis the plaintiff's identity, and whether there are alternative mechanisms for protecting plaintiff's confidentiality. *Sealed Plaintiff*, 537 F.3d at 190.

It is of course well settled that "'lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.'" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97 (S.D.N.Y. 2020) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). In addition, the Court notes that the mere "fact that a group of plaintiffs is suing the government or seeking to challenge a government policy does not, by itself, justify granting a motion to proceed anonymously." *Plaintiffs # 1-21*, 138 F. Supp. 3d at 275. "[D]oing so would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation." *Id.* (quotation marks omitted). Against this legal backdrop, the final four *Sealed Plaintiff* factors weigh only slightly in favor of granting Plaintiffs' motion.

Regarding the confidentiality of Plaintiffs' identities, the parties do not dispute that Plaintiffs have remained anonymous both to Defendants and the public at large. (*See* Trinity Resp., ECF No. 67, at 17; Pls.' Reply, ECF No. 72, at 17; *see also generally* New York-Presbyterian Mem., ECF No. 68.) Therefore, this factor favors Plaintiffs. *See Skyline Automobiles Inc.*, 375 F. Supp. 3d at, 407 (explaining that "[i]f a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be permitted to proceed under a pseudonym").

As for whether "the public's interest in the litigation is furthered" by requiring Plaintiffs to disclose their identities, or "whether, because of the purely legal nature of the issues . . . , there is an atypically weak public interest in knowing the litigants' identities," the Court finds that these factors also tilt toward Plaintiffs. *Sealed Plaintiff*, 537 F.3d at 190. Here, Plaintiffs assert that "[t]here is no material difference to the public if Plaintiffs are identified by their actual names or by pseudonyms," because "[t]he important public aspect of this case concerns" New York's vaccine mandate. (Pls.' Reply, ECF No. 72, at 18.) Further, Plaintiffs contend that "the public has an atypically weak interest in the identity of the Plaintiffs in this matter" due to the "purely legal questions at issue[.]" (Pls.' Mot., ECF No. 41, at 8; *see also* Pls.' Reply, ECF No. 72, at 18–19; Tr., ECF No. 78, at 13:14–24.) Defendants respond by highlighting the "strong public interest in open judicial proceedings," which is "heightened" where, as here, "the litigation involves fact-finding specific to the litigants." (New York-Presbyterian Mem., ECF No. 68, at 13 (quotation marks omitted); *see also* Trinity Resp., ECF No. 67, at 18.)

Based on the current posture of this case, the Court finds that "the identity of each of the Plaintiffs is of little-to-no value to the underlying allegations of the complaint." *Univ. of Colorado*, 2022 WL 43897, at *4; *see also id.* at *5 (finding a "uniquely weak public interest in knowing the litigants' identities" where "[t]he public will know that a group of people" in the plaintiffs' position were denied a religious exemption to a COVID-19 vaccine mandate and are seeking to vindicate what they believe to be their constitutional rights). Although Plaintiffs did not bring this action "solely against the government," the lawsuit — at least in its initial, pre-answer phase — "seeks to raise an abstract question of law" that plausibly "affects many similarly situated individuals." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). The public does have an interest, however, in knowing the size of the group raising such questions of law. Thus, while

18

the Court finds that the eighth and ninth *Sealed Plaintiff* factors support Plaintiffs'
motion to remain anonymous, Plaintiffs are directed to list the actual number of "Doe"
Plaintiffs involved.

Finally, as to the tenth factor, the Court does not find any alternative
mechanisms for protecting Plaintiffs' confidentiality in this case. As Plaintiffs' counsel
noted during the December 14, 2021 hearing, "[o]nce the cat's out of the bag, it's out of
the bag." (Tr., ECF No. 78, at 45:15.)

*   *   *   *   *

In balancing the *Sealed Plaintiff* factors and the other considerations discussed
above, the Court finds that Plaintiffs John Does 1–2 and Jane Does 1–3's interest in
anonymity presently outweighs the public's interest in full disclosure of Plaintiffs'
identities and any prejudice to Defendants. *See Plaintiffs # 1-21*, 138 F. Supp. 3d at 277;
*NorthShore Univ. HealthSystem*, 2021 WL 5578790, at *10. The Court reaches this
conclusion primarily due to the fact that there is little to no prejudice to Defendants at
this stage, balanced against a credible possibility of harm to Plaintiffs if they are
required to reveal their identities, as discussed above. Considering the social and
political climate that has surrounded the public debate over the COVID-19 vaccine, the
Court credits Plaintiffs' fear of being harassed, scorned, and intimidated, which could
have a chilling effect on them or impact their employment prospects. (*See, e.g.*, Pls.'
Reply, ECF No. 72, at 7–12.) But in this case, which alleges claims under Title VII and
challenges private Defendants' actions as employers, Plaintiffs have "put factual
questions about [their] actions at issue in this lawsuit." *City Univ. of New York*, 2021 WL
5644642, at *5. This dimension of their claims, in concert with the general presumption
of openness in federal court proceedings, weighs strongly against Plaintiffs' motion to

proceed anonymously. Accordingly, although the balance of factors tips in favor of Plaintiffs at this phase of the case, this balance could change as the case progresses.

As to Plaintiffs Jack Does 1–750 and Joan Does 1–750, the Court does not find a sufficient basis to permit them to proceed anonymously. In the event these Plaintiffs wish to proceed under pseudonyms, Plaintiffs' counsel are respectfully directed to submit an additional declaration outlining the reasons for doing so and specifying the number of Jack and Joan Does currently participating in this lawsuit. If necessary, counsel may also move to amend the case caption.

## CONCLUSION

For the reasons contained herein, Plaintiffs' motion for a protective order and to proceed under pseudonyms (ECF No. 41) is granted, in part. The parties are respectfully directed to meet and confer and to submit a proposed protective order to the Court by April 1, 2022, as well as a letter indicating the status of Jack Does 1–750 and Joan Does 1–750, consistent with this Memorandum and Order. The Court reserves the authority to revisit Plaintiffs' anonymity should the case proceed beyond the motion to dismiss stage.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 18, 2022

_Taryn A. Merkl_
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE