UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOES 1–2, JANE DOES 1–3, <br><br> Plaintiffs, <br><br>v. <br><br> KATHY HOCHUL, in her official capacity as Governor of the State of New York, HOWARD A. ZUCKER, in his official capacity as Commissioner of the New York State Department of Health, TRINITY HEALTH, INC., NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., WESTCHESTER MEDICAL CENTER ADVANCED PHYSICIAN SERVICES, P.C., <br><br> Defendants. | Case No. 1:21-CV-05067-AMD-TAM |

## INTERIM PROTECTIVE ORDER

Plaintiffs are granted leave to proceed under pseudonym, as follows:

1) The docket shall continue to reflect Plaintiffs' names as captioned in the Verified Complaint, ECF No. 1, and as modified by the Court's April 4, 2022 Order.

2) Plaintiffs will be referred to by their pseudonyms in all public pleadings and other public documents filed in this litigation, and Plaintiffs shall be allowed to endorse documents filed in this litigation using their pseudonyms.

3) By 5:00 p.m. EST on April 6, 2022, Plaintiffs' counsel shall disclose in writing the names and business addresses of John Does 1–2 and Jane Does 1–3, including which pseudonym applies to which Plaintiff (the "Identifying Information"), to counsel of record for Defendants, subject to Defendants' agreement to abide by the terms of this Order even if it has not yet been entered by the Court.

4) To the extent Plaintiffs' motion to proceed under pseudonym is subsequently granted by the Court with respect to any Jack Does and/or Joan Does pursuant to the procedure set forth in the Court's Memorandum and Order dated March 18, 2022, Plaintiffs' counsel shall disclose in writing the names and business addresses of such Plaintiffs, including which pseudonym applies to which Plaintiff, within three business days of the Court's decision.

5) Until further order of the Court, Defendants' counsel of record may disclose the Identifying Information only to the following: (a) the individual Defendants; (b) in-house and outside attorneys for Defendants and their legal staff, including but not limited to paralegals, clerical staff, and other assistants; (c) Defendants' employees who Defendants' counsel reasonably believe may have knowledge of the facts alleged by Plaintiffs in this action and who Defendants' counsel of record determine are reasonably necessary to assist in the defense of this case; (d) witnesses who may be deposed or asked to give testimony and who Defendants' counsel of record reasonably determine need to know the Identifying Information for purposes of their testimony, such disclosure to each witness to be limited to only so much of the Identifying Information as that witness needs to know; (e) the Court and its personnel; (f) court reporters, stenographers, or videographers; and (g) outside photocopying, graphic production services, or litigation support services acting under the direction of Defendants' counsel.

6) Nothing in this Order shall bar Defendants from using the Identifying Information to defend against claims brought in this action. However, each person who receives any Identifying Information pursuant to this Order shall use it only for purposes of defending the claims brought in this action, and shall not disclose such Identifying Information to any other person who is not expressly authorized to receive it under this Order.

7) Each person, other than Defendants' in-house and outside attorneys, to whom any Identifying Information is to be disclosed pursuant to this Order, shall be provided a copy of this Order and shall agree in advance and in writing[1] that he or she: (a) will be bound by this Order; (b) will not use any Identifying Information except for purposes of defending the claims brought in this action; and (c) will not disclose any Identifying Information to any person not entitled to receive it under this Order.

8) To the extent that any court filings include any Identifying Information, and the parties wish to move to file under seal, they shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at: https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf.

9) Nothing in this Order shall bar Defendants from raising any arguments challenging or objecting to any request by Plaintiffs to permit any Jack Does or Joan Does to proceed under pseudonyms.

---

[1] Provision of the Order, and agreements to be bound thereby, by e-mail will be sufficient. The party disclosing Identifying Information shall retain a record of such agreements by any persons to whom disclosure is made and need not disclose such record to any other party unless so ordered by the Court.

10) Nothing in this Order shall bar Defendants from raising any arguments challenging or objecting to Plaintiffs proceeding under pseudonyms if the case proceeds beyond the motion-to-dismiss stage. Defendants do not waive, and expressly reserve, all of their arguments with respect to Plaintiffs' claims and the relief sought in the Verified Complaint, ECF No. 1.

If necessary, the Court will revisit this Protective Order, and the use of Identifying Information in discovery and the balance of this litigation, after Defendants' Motions to Dismiss are determined.

**SO ORDERED.**

Date: April 4, 2022
Brooklyn, New York

*Taryn A. Merkl*
TARYN A. MERKL
United States Magistrate Judge
Eastern District of New York